**Juaree Page COOK and Chester S. Cook, Plaintiffs-Appellants,**

v.

**Wendell F. COX and H. D. Lee Company, Defendants-Respondents.**

No. 55828.

Supreme Court of Missouri, Division No. 1.

April 10, 1972.

Schroff, Keeter & Glass, Bob J. Keeter, Springfield, for plaintiffs-appellants.

Woolsey, Fisher, Clark & Whiteaker, Harold J. Fisher, Russell G. Clark, Springfield, for defendants-respondents.

WELBORN, Commissioner.

Juaree Page Cook sued Wendell F. Cox and H. D. Lee Company for personal injuries arising out of automobile collision. Her husband sued for loss of consortium and they joined in a count for property damage to their auto. A jury returned a verdict for Juaree for $27,000, for her husband for $2,000 and for property damage of $1,000, remitted to $800. Thereafter the trial court sustained defendants' motion for a new trial. Plaintiffs appeal.

The plaintiffs' claim arose out of a collision which occurred on June 10, 1965, at around 4:00 P.M. on a clear day, in the vicinity of the junction of Highway 13 and Highway 123, north of Bolivar, in Polk County. At that point, Route 13 runs north and south and has a 24' pavement with 8' shoulders on each side. Mrs. Cook was northbound on Route 13, driving a 1961 Ford. Cox, a salesman for H. D. Lee Company, was southbound on Route 13, driving a 1965 Chevrolet. As these two vehicles approached each other, Ed Johnson was driving a 1955 Dodge east on Route 123. Johnson stopped at a stop sign at the 123–13 intersection, some 48 feet from the west edge of Route 13. He then proceeded into the intersection and on the paved portion of Route 13 for one to three feet in the west or southbound lane. At that point Johnson's auto struck the right side of Cox's Chevrolet "about the front door on back."

Mrs. Cook had observed the approach of the Johnson vehicle toward Route 13 and practically simultaneously saw the Cox vehicle, whose speed she placed at 80 miles per hour. She saw the Johnson auto stop at the stop sign and then proceed slowly toward Route 13. "I just knew something was going to happen. I slammed on my brakes, I came to a stop, I closed my eyes, after that I opened them and saw this white Chevrolet spinning across the highway." She closed her eyes again and the Cox Chevrolet struck her auto. Both drivers sustained serious injuries which are not here important.

Plaintiffs' claims were submitted to the jury under instructions specifying the following acts of the defendant as the basis for a finding of negligence:

"First, defendant Cox, either: drove at an excessive speed, or knew or by use of the highest degree of care could have known that there was reasonable likelihood of collision in time thereafter to have swerved, slackened his speed, swerved and sounded a warning, but defendant Cox failed to do so, and * * * ."

■ The first ground specified by the trial court for sustaining the motion for new trial was that there was not sufficient evidence to support all of the acts submitted by the plaintiffs' instructions as a basis for a finding of negligence. The parties agree that the negligence involved is that which caused the collision between the Cox and Johnson vehicles. No effort is made to link any of the grounds directly to the second collision, between Cox and Cook.

On the issue of speed, evidence showed that the speed limit at the scene of the collision was 65 miles per hour for vehicles on Route 13. Plaintiff testified that when she first noticed the Cox auto it was traveling at a speed of 80 miles per hour. A witness for plaintiff, in an auto behind plaintiff, placed the speed of the Cox vehicle at 70 miles per hour. Respondents, in support of the trial court's order, do not question the probative worth of such testimony but assert that proof of causal connection with the collision is lacking. However, during his closing argument, counsel for defendants based his attack on the speed submission on the lack of probative value of plaintiffs' evidence and made this significant statement: "If you believe that Wendell Cox was traveling 80 miles an hour as Mrs. Cook would have you believe then of course you should come in and find against Wendell Cox." In the light of such concession, there is no occasion to consider here the causation argu-

ment. The trial court's order may not be sustained on such grounds.

■ However, plaintiffs were required to support by substantial evidence all of the improper acts submitted by this instruction. MAI, Notes on Use, § 17.02; Wolfe v. Harms, Mo.Sup., 413 S.W.2d 204, 209–210[1]; Shelton v. Bruner, Mo.App., 449 S.W.2d 673, 676[1].

■ On the issue of negligent failure to avoid the collision, the evidence must show that Cox " 'had the means and ability to have so acted that a collision would have been avoided.' Boehm v. St. Louis Public Service Co., Mo.Sup., 368 S.W.2d 361, 367; Moore v. Ready Mixed Concrete Co., Mo.Sup., 329 S.W.2d 14, 1. c. 25; Creech v. Riss & Co., Mo.Sup., 285 S.W.2d 554, 562. Having the means and ability to avoid a collision means not only the mechanical appliances, such as steering apparatus with which to swerve, signalling equipment with which to warn, or braking appliances with which to slow down or stop, but also the existence of sufficient time and distance, considering the movements and speeds of the vehicles, to enable the party charged to take effective action in avoidance." Zalle v. Underwood, Mo. Sup., 372 S.W.2d 98, 102[1–3].

On one of the issues submitted, failure to slacken, appellants point out that Cox testified that he did not slow his auto when he saw the Johnson vehicle. This testimony does, of course, provide a basis for finding that Cox did not slacken his speed. However, there must also be a basis for a further finding that Cox would have avoided the collision by such action. Obviously whether or not such action would have enabled him to do so depends upon the distance involved between the two vehicles when Cox should have realized the likelihood of a collision and also the speed of the vehicles involved. The only direct testimony as to distance came from Cox who placed his auto from 75 to 150 feet from the intersection when he first real-

ized Johnson was not going to stop. Cox's testimony was, of course, not binding on plaintiffs on this issue. However, if they were to rely upon such specification of negligence, plaintiffs did have the burden of producing some evidence which would be the basis for a finding by the jury for them on this issue. On this appeal, plaintiffs point to testimony that the sight distance would have enabled Cox to see the Johnson car for a distance of greater than 150 feet. However, plaintiffs do not even suggest what the greater distance might have been and more importantly produced no evidence of stopping distance which might have afforded a basis for a finding that Cox, by slackening his speed, might have permitted the Johnson vehicle to pass safely in front of him or perhaps stop before reaching the course of Cox's travel.

The trial court could, therefore, properly find that the issue of failure to slacken was not supported by substantial evidence. That issue not having been supported, there is no necessity to consider the other submissions, the lack of evidence on any one rendering the submission erroneous. Wolfe v. Harms, supra.

The second ground for the trial court's order granting a new trial was that plaintiffs' verdict-directing instructions constituted conjunctive submission on multiple theories of recovery, which is not allowed under MAI. Appellants point out that the only complaint of defendants with respect to such instructions in their motion for new trial was that the evidence did not support them. Respondents reply that the trial court had the right to consider the question under the plain error rule (Civil Rule 79.04, V.A.M.R.).

Inasmuch as the trial court's grant of a new trial was proper on the other two grounds specified, there is no necessity to attempt to reconcile the plain error rule and the frequently applied rule that, upon the expiration of 30 days from the date of the judgment, the trial court's right to grant a new trial is limited to grounds stated in the motion for new trial. See Stein v. McDonald, Mo.Sup., 394 S.W.2d 297, 300[4, 5]; Ridenour v. Duncan, Mo. Sup., 246 S.W.2d 765, 767[1]. (The motion for new trial here was sustained more than 30 days after the verdict.)

■ For benefit of the parties on a new trial, however, the trial court correctly concluded that plaintiffs' verdict-directing instructions did constitute conjunctive submission on multiple theories of recovery. Appellants point out that the "Notes on Use" under MAI 17.04 from which the alternate submission of failure to act to avoid the collision was taken state: "This is an optional submission of negligence which may be used * * * as *one* of the alternate submissions in paragraph First of Verdict Directing 17.02" (multiple negligent acts). However, each of the acts or combination of acts specified under 17.04 constitutes a separate theory of recovery (or defense) and is required to be submitted disjunctively in accordance with the basic requirement of MAI.

The final ground on which the new trial motion was sustained was that plaintiffs' attorneys committed prejudicial error during their closing arguments. This ruling was based on the court's conclusion that bias and prejudice had been created by counsel's stating and inferring that defense counsel was deceiving the jury in arguing sole cause by repeated derogatory statements directed at defendants' attorney and by reference to defendant H. D. Lee Company as "that big company"; and in misleading the jury as to the court's instructions.

In attacking this ground of the order, appellants have relied upon cases in which objection to argument was made on the trial and ruled upon by the trial court. The question of error on the argument was renewed in a motion for new trial which was overruled and the losing party, on appeal, sought reversal of the judgment because of failure of the trial court to order a mistrial because of the prejudicial argu-

682

ment. The cases cited by appellants include Riley v. St. Louis Public Service Co., Mo.App., 245 S.W.2d 666, 673; Bine v. Sterling Drug, Inc., Mo.Sup., 422 S.W.2d 623, 632; Edwards v. Lacy, Mo.Sup., 412 S.W.2d 419, 422; Southwestern Bell Telephone Co. v. Jennemann, Mo.App., 407 S.W.2d 85, 91; Rohlfing v. State Farm Fire and Casualty Company, Mo.App., 349 S.W.2d 472, 478, and Higgins v. Terminal R. R. Ass'n of St. Louis, 362 Mo. 264, 241 S.W.2d 380, 386. In none of those cases had the trial court sustained a motion for new trial because of alleged prejudicial argument. The appellate decision in each case reflected the reluctance of the reviewing court to disapprove the trial court's exercise of its discretion in passing upon an argument problem.

In the present case, the trial court, when the matter was presented on motion for new trial, concluded that the action which was taken when objection to argument was made at the trial was not sufficient and that because of the prejudicial nature of the argument the only remedy was to afford a new trial. That determination, as with one denying relief, is for the trial court's sound exercise of discretion. Appellate review is limited to determination of whether or not there has been an abuse of discretion. When the trial court has sustained the motion for new trial, the appellate court is more liberal in upholding its action than when the trial court has denied relief. Higgins v. Gosney, Mo.Sup., 435 S.W.2d 653, 661–662[14, 15], [16, 17]; Clevenger v. Walters, Mo.Sup., 419 S.W.2d 102, 104[1].

No abuse of the trial court's discretion has been demonstrated here. Reference to the size of the defendant Lee was improper argument. Green v. Ralston Purina Company, Mo.Sup., 376 S.W.2d 119, 127. Derogatory remarks directed toward opposing counsel have no proper place in argument. Critcher v. Rudy Fick, Inc., Mo.Sup., 315 S.W.2d 421. Instructions on sole cause are no longer permissible under

MAI. Defendants conversed plaintiffs' submission of Cox's negligence as the proximate cause of plaintiffs' injuries. Defense counsel had the right to argue the facts which would demonstrate that the accident was caused solely by another's negligence. Gathright v. Pendegraft, Mo.Sup., 433 S.W.2d 299, 308[12]. The trial court could properly conclude that plaintiffs' counsel's remarks and reply to such argument were improper.

Order granting new trial affirmed and cause remanded for new trial.

HIGGINS, C., concurs.

PER CURIAM:

The foregoing opinion by WELBORN, C., is adopted as the opinion of the court.

All of the Judges concur.