Douglas J. BRUEMMER, a minor, By and Through his next friend and mother, Mary Alice Bruemmer, et al., (Plaintiffs) Appellants,

v.

William G. BECKER, (Defendant) Respondent.

No. 56072.

Supreme Court of Missouri, Division No. 1.

April 9, 1973.

Mogab, Hughes & Green, Richard L. Hughes, St. Louis, for plaintiffs-appellants.

Carter, Brinker & Doyen, Clayton, for respondent.

WELBORN, Commissioner.

Action by minor, through a next friend, for personal injuries sustained when he was struck by automobile, and by parents of minor for medical expenses on behalf of child as result of collision. Minor sought $70,000 damages and parents $1,300. Jury verdict was for defendant on both counts. Plaintiffs appeal. (Notice of appeal was filed prior to January 1, 1972.)

Douglas J. Bruemmer, then five years of age, was struck by an automobile driven by William G. Becker. The accident occurred on April 15, 1967, in the vicinity of 8423 Big Bend Road in Webster Groves, Missouri. Douglas was a pedestrian and Becker was driving an auto west on Big Bend. The collision occurred when Douglas went from either the sidewalk or curb along the north side of Big Bend into the Street. Becker had seen Douglas, with his back to the westbound traffic, on the sidewalk.

Appellants contend that the trial court improperly limited their voir dire ex-

amination of prospective jurors. The objection is based upon the trial court's refusal to permit appellants' counsel to ask the following questions:

"* * * Now, is there anyone on the Jury panel who does not feel that people operating automobiles in residential areas have an obligation to keep a lookout ahead and laterally, aside, including visible sidewalk area for people playing on the sidewalk area that might go into the street?

\* \* \* \* \* \*

"Is there anyone on the panel who does not feel that adult drivers have an obligation to realize that young children playing near the street may unexpectedly carelessly dash into the street?"

Appellants contend that these inquiries were necessary in order to test the state of mind of the members of the panel and ascertain whether or not they had bias or prejudiced feelings in situations involving child pedestrians being struck by motorists.

The trial court did sustain the objection to the first question as phrased above. However, counsel was permitted to inquire whether or not they had any "conscious scruples" about following the law if they were instructed by the court that operators of motor vehicles in residential areas are required to keep a lookout ahead and to both sides. They were asked whether they could follow that law if such an instruction was given. That inquiry essentially covers the question to which objection was sustained and the trial court's ruling which resulted in the question being so phrased (see State v. Mosier, 102 S.W.2d 620, 624 (Mo.1937)) was not error.

■ As for the second question, it was not phrased as an inquiry as to the panelists' willingness to follow the law which might apply. The question sought to place before the jury an argumentative proposition involved in the determination of whether or not under all of the circumstances the driver of the automobile conformed with the standard of the highest degree of care. The argumentative nature of the inquiry was sufficient reason for the court's refusal to permit it to be made. Littell v. Bi-State Transit Development Agency, 423 S.W.2d 34, 38[11] (Mo.App. 1967).

■ Appellants' other assignment of error relates to the trial court's overruling of objection to defense counsel's argument that the incident was an "unavoidable accident."

In his closing argument, defense counsel argued that his client did everything that the law required in the circumstances of the collision. He then stated: "Wasn't Bill Becker the victim of an unavoidable accident? Wasn't he driving cautious?" Appellants' counsel objected that the argument was improper. He stated that, since MAI had excluded instruction on unavoidable accident, arguing such theory was no longer permissible. The objection was overruled. No further reference to "unavoidable accident" occurred. (Defense counsel responded sharply to the objection: "I wouldn't make any improper argument. For him to categorize what I say is improper argument is an outrageous statement." No remedial action was sought relating to such remark and no issue pertaining to it is here properly presented.)

Defense counsel's argument was directed primarily to the facts from which he argued that his client was not negligent. His single reference to the incident as an "unavoidable accident" was not reversible error. Cook v. Cox, 478 S.W.2d 678, 682 (Mo.1972); Will v. Gilliam, 439 S.W.2d 498, 501 (Mo.1969).

Judgment affirmed.

HIGGINS, C., concurs.

PER CURIAM:

The foregoing opinion by WELBORN, C., is adopted as the opinion of the court.

All of the Judges concur.