Roxanne CASSIN, a minor, by James Cassin, her next friend, Plaintiff-Respondent,

v.

Alexander THEODOROW, and Edward Henry Franke, Jr., Defendants-Appellants.

Nos. 34928, 34950.

Missouri Court of Appeals, St. Louis District, Division 2.

Nov. 20, 1973.

Motion for Rehearing or to Modify Denied Jan. 11, 1974.

**204**

Armstrong, Teasdale, Kramer & Vaughan, John J. Cole, Richard J. Sheehan, Moser, Marsalek, Carpenter, Cleary, Jaeckel, Keany & Brown, Paul S. Brown, St. Louis, for defendants-appellants.

Hullverson, Hullverson & Frank, Thomas C. Hullverson, St. Louis, for plaintiff-respondent.

McMILLIAN, Judge.

Defendants Alexander Theodorow and Edward Henry Franke, Jr., appeal from a judgment on a jury verdict of $15,000.00 entered by the Circuit Court of St. Louis County in favor of plaintiff Roxanne Cassin by her next friend, James Cassin.

Plaintiff's injuries were the result of a head-on collision between the Theodorow automobile, in which she was a passenger, and the Franke automobile. The collision occurred in St. Francois County, Missouri, on River Park Road, which was a 24 foot wide gravel road and was located about three and one-half miles west of Route 47.

The evidence most favorable to the plaintiff's case revealed that: the accident occurred on a bright sunny day about 2:15 P.M.; the collision occurred on a straight-away of an "S" shaped curve; that neither driver sounded a warning nor attempted to swerve although there were unobstructed shoulders on either side of the roadway; that defendant Theodorow was not keeping a careful lookout; that both cars were being operated in the middle of the road; that defendant Franke, who was operating his car at 30–35 miles per hour, reduced his speed to 5 to 10 miles per hour after he saw the Theodorow automobile 200 feet away; that defendant Theodorow's speed was 20 to 40 miles per hour; and that plaintiff warned Theodorow of Franke's approach when his car was five seconds away from the point of collision. Assuming the average speed of the Theodorow car to be 30 miles per hour, traveling at the rate of 45 feet per second, this would permit a jury to find that Theodorow could have seen the Franke automobile when it was 225 feet away.

As a result of the accident plaintiff suffered several lacerations and loss of tissue about her face, involving her eyelids, forehead, nose and cheek, necessitating four operations and hospitalization within a thirty-month period. Plaintiff and her mother were satisfied with the plastic surgery but plaintiff still complained of some scars which, according to medical testimony, are permanent; also, recurring headaches, some numbness, a patchy feeling in her forehead and sensations there when changes in the weather occur, feelings of anxiety, and shyness around people.

Several assignments of error are claimed by each co-defendant. Defendant Theodorow contends that: first, arguments of plaintiff's counsel during summation were highly prejudicial and inflammatory, and that the trial court erred in overruling defendant's objection and motion for mistrial; and second, the verdict in favor of the plaintiff was excessive and resulted from bias and prejudice on the part of the jury.

Defendant Franke contends that: first, argument of plaintiff's counsel as to the court's opinion was patently prejudicial and unfair, and the trial court erred in overruling defendant's objection and motion for mistrial; second, the submission of one instruction to the jury on defendant's negligence constituted submission of multiple theories of negligence in the con-

junctive violating M.A.I. Rules, and another instruction improper in form violating M.A.I. Rules referring to a singular defendant rather than to the co-defendants; third, there was insufficient evidence of probative value to support the theories of negligence submitted in the instructions to the jury.

■ Taking up defendant Theodorow's first assignment of error, we find that the contested remarks came in plaintiff's counsel's closing argument. In speaking of her damages, counsel said, " . . . I have asked her to leave this courtroom and she is not in here, and I did that deliberately because I want to be able to—." Franke's attorney made a general objection, joined in by Theodorow's attorney; however, both objections were overruled, Franke's attorney also requested, but not joined in by Theodorow's attorney, a mistrial; this request, too, was denied.

Defendant Theodorow did not bring forward in his motion for a new trial any claim of error on the part of the court for its failure to declare a mistrial. Consequently, nothing is preserved for review. Geiwitz v. Geiwitz, 473 S.W.2d 781 (Mo. App.1971); Aiple v. South Side Nat. Bank in St. Louis, 442 S.W.2d 145 (Mo.App. 1969). Nor, in our opinion, are Theodorow's general objections, "I would object, this is improper argument, and I object to it" adequate to convict the trial court of any error. Gilmore v. Union Construction Co., Mo., 439 S.W.2d 763; Sollenberger v. Kansas City Public Svc Co., 356 Mo. 454, 202 S.W.2d 25 (1947). But, in any event, the applicable rule is as stated in Handshy v. Nolte Petroleum Company, 421 S.W.2d 198, 202 (Mo.1967), where the court noted that the trial judge is in the best position to determine the effect of an alleged prejudicial argument and stated:

" ' . . . we are inclined to defer to his rulings unless it appears that the protested arguments so patently pass legitimate bounds as to be manifestly prejudi-

cial and the ruling of the trial court thereon a clear abuse of discretion.' "

Here we cannot say that the reference to the absence of plaintiff from the courtroom "so patently pass legitimate bounds" as to require the reversal of the trial court. The remarks of plaintiff's attorney can, at most, be taken as a suggestion to the jury that plaintiff was sensitive about her appearance. Plaintiff's mental and physical suffering as a result of the accident, including her sensitivity to remarks about her appearance, were legitimate elements of damage in the case. The protested argument was relevant and not "manifestly prejudicial." Secondly, we consider Theodorow's contention that the $15,000.00 verdict was indicative of jury bias. In Larson v. Alton & So. Ry Co., 431 S.W.2d 687, 692 (Mo.App.1968) we said, "Even an excessive verdict does not in and of itself establish it resulted from bias, passion or prejudice without showing some other error committed at the trial . . ." While it is true that defendant Theodorow did allege that the trial court, over his objection, permitted counsel to make an improper argument; but, as indicated, this contention was without merit.

In Gathright v. Pendegraft, 433 S.W.2d 299 (Mo.1968), the court upheld a $50,000.-00 verdict in favor of a young housewife for facial and other injuries sustained in the explosion of her home. The court pointed out that it had not seen the plaintiff " . . . but the jury did, and it was able to take into account her disfigurement and the probabilities of permanency discernible by visual observation . . ." Facial injuries of a young lady are involved herein, and the jury had an opportunity to see her permanent scars and to assess the evidence relating to her injuries and the treatment thereof. Moreover, defendant Theodorow had not adduced any evidence to suggest misconduct or misbehavior on the part of the jury. Jones v. Pennsylvania R. Co., 353 Mo. 730, 182 S. W.2d 157 (1944). Therefore, we rule this issue against defendant Theodorow.

Defendant Franke raises two meritorious objections on the basis of which the judgment as to him must be reversed. The first contention arose from plaintiff's counsel's closing argument, where he responded to defendant Franke's statement that there was nothing to consider on the issue of Franke's negligence. Plaintiff's counsel argued, " . . . Well, now, that is a gross oversimplification. *If there wasn't anything to be considered his Honor would have put Mr. Franke out on the streets.* (Emphasis added.) There'd be no reason to be here to decide—." Since the court overruled Franke's objection and request for a mistrial, implicitly the court placed its stamp of approval on such an argument. We leave open the question as to whether or not a reversal would have been in order if the court had sustained the objection, stricken the argument and instructed the jury to disregard it; and, thereafter, Franke had requested a mistrial. Our court has consistently held that it is improper—and may be prejudicially erroneous—for a trial court to allow counsel to tell the jury what the court thinks of the sufficiency of the evidence. Mooney v. Terminal Railroad Asso. of St. Louis, 352 Mo. 245, 176 S.W.2d 605 [15] (1944); see also Kull v. Ford Motor Co., 261 S.W. 734 (Mo.App.1924). Here, Franke's liability presented a close question, and he may well have been prejudiced by plaintiff's counsel's improper argument; thus, we find this issue in favor of Franke.

Franke's second contention calls into question plaintiff's Instruction No. 4.[1] Even a cursory examination shows that the instruction submitted dual theories of negligence in the conjunctive in violation of M.A.I. 1.02 since plaintiff failed to use the word "or" between the phrases "slackened his speed" and "swerved and sounded a warning." While the Committee's Comment to M.A.I. 1.02 recognizes that an instruction may have several elements which must be submitted in the conjunctive, such element must be in support of a single theory of recovery or defense. For example, "slackening speed and swerving" to avoid a collision would be a single theory of recovery. See also M.A.I. 17.02 for an example of a multiple disjunctive submission. Plaintiff could have very easily substituted for any one of the submissions contained in M.A.I. 17.02 a combination of failure to have "swerved and sounded a warning"; but there would still have been a requirement to place the word "or" between the separate theories of recovery. In Cook v. Cox, 478 S.W.2d 678, 681 (Mo. 1972), our Supreme Court noted, " . . . each of the acts or combination of acts specified under 17.04 constitutes a separate theory of recovery (or defense) and is required to be submitted disjunctively in accordance with the basic requirements of MAI." Therefore, we hold plaintiff's Instruction No. 4 to be in violation of MAI 1.02 and to be reversibly erroneous.

From Franke's testimony we know that (1) he first saw the Theodorow car when it was 200 feet away; (2) he applied his brakes when the Theodorow car was 100 feet away; (3) he never swerved nor sounded his horn; and (4) the shoulder to his right was unobstructed. Since the evidence was that neither Theodorow nor Franke swerved his automobile or sounded a warning, a jury could have reasonably found that the impact occurred through their combined negligence. Moreover, since Franke had already reduced his speed to 5–10 miles per hour or to an average speed of 7.5 miles per hour, a jury could have reasonably found that the slightest turn to his right, without any danger to himself, Franke could have avoided the collision. So, in our opinion, a submissible case was made upon either failure to slacken speed and swerve or to swerve and sound a warning; thus, there was sufficient evidence of probative value to sup-

---

1. " . . . First, defendant Franke either: knew or by the use of the highest degree of care could have known that there was a reasonable likelihood of collision in time thereafter to have slackened his speed, swerved *and* sounded a warning . . . " (Emphasis added.)

 

port the attempted combination submissions. For reasons herein set forth the judgment as to Franke is reversed and a new trial granted.

Accordingly, judgment is affirmed as to defendant Theodorow; reversed as to defendant Franke and a new trial ordered. Judgment as to Theodorow to be held in abeyance until disposition of the case.

SMITH, P. J., and CLEMENS, J., concur.