Clara BLASE, Plaintiff-Appellant,

v.

BI–STATE DEVELOPMENT AGENCY, a corporation, Defendant-Respondent.

No. 34567.

Missouri Court of Appeals, St. Louis District.

Dec. 11, 1973.

Theodore H. Hoffman, Hoffman & Carter, Inc., Attys., Kramer, Chused, Kramer, Shostak & Kohn, Burton H. Shostak, Lloyd A. Palans, St. Louis, for plaintiff-appellant.

John A. Walsh, Jr., Boas, Schneider & Walsh, St. Louis, for defendant-respondent.

GUNN, Judge.

Suit for personal injuries sustained by plaintiff-appellant while a passenger on one of defendant-respondent's buses. After a trial and jury verdict of $45,000.00 in favor of plaintiff and judgment entered on the verdict, defendant moved for a directed verdict or in the alternative for a new trial, alleging prejudicial error in the instructions. Motion for new trial was granted and plaintiff appeals. We find that the trial court properly granted the motion for a new trial.

Plaintiff boarded defendant's bus at the corner of 8th and Locust Streets in St. Louis at approximately 7:30 a. m. on April 9, 1969. As she moved toward the back of the bus to take a seat, she slipped and fell, breaking her leg. There was no dispute that the floor of the bus was wet. The controversy centers on whether there was evidence sufficient to support a jury instruction that an accumulation of water was present on the bus floor at the time the bus driver first picked up the bus in defendant's yard at Broadway and East Taylor in St. Louis on the morning of the accident and prior to his starting the bus run. It was plaintiff's theory that such an accumulation existed creating a dangerous condition for which defendant should have given warning or had removed; that it was the accumulation of water existing at the start of the bus run which caused plaintiff to slip and fall and injure herself.

The facts are that on the night of April 9, 1969, between midnight and 4:30 a. m., 9/7ths of an inch of rainfall was measured at the United States Weather Bureau, Lambert Field Station. The bus driver picked up his bus at the Broadway and East Taylor Yard shortly before 7:00 a. m. He noticed two or three windows open toward the front part of the bus and closed them. He walked to the back door of the bus to adjust the mirror but did not observe any wetness in the bus. The window next to the driver's seat was open at the time he picked up the bus but neither the steering wheel nor the driver's seat was wet. There was testimony that at the time the plaintiff boarded the bus, about thirty minutes after the driver had started his run, the streets were wet and that there was some precipitation in the air while the driver was making his run; the driver had his windshield wipers operating at the time plaintiff boarded the bus. Passengers on the bus testified that they noticed that the

bus floor was wet with one witness commenting that it seemed "as though it had been wiped with a wet cloth." Passengers who came to the aid of the plaintiff after she had fallen noted that her coat and hand were wet from moisture on the floor. Plaintiff testified that there was no standing water or pools on the floor—only that the floor was moist. The only direct question asked of any witness regarding whether an accumulation of water existed produced a response that there was no accumulation of water.

The trial court gave the following plaintiff's verdict directing instruction based on a modification of MAI 22.04: .

"Your verdict must be for plaintiff if you believe:

First, that at the time the bus left the yard there was an accumulation of moisture on the flooring next to the center aisle of the bus and as a result said flooring was not reasonably safe for the use of passengers, and

Second, defendant knew or by using the highest degree of care should have known of the existence of this condition, and

Third, defendant failed to use the highest degree of care to remove it or to warn of it, and

Fourth, as a direct result of such failure plaintiff was injured unless you believe plaintiff is not entitled to recover by reason of Instruction No. 4.

The term 'highest degree of care' as that term is used in this instruction means that degree of care that a very careful and prudent person would use under the same or similar circumstances."

The court thereafter sustained defendant's motion for a new trial on the ground that the first paragraph of the instruction was an improper deviation from MAI Nos. 22.04 and 22.05 and gave the jury a roving commission to find actionable negligence on the basis of a finding that at a differ-

ent time and place and prior to the accident the floor was wet and unsafe without a requirement of a finding that the facts existed at the time and place of the accident.

Plaintiff argues that the instruction was proper and supported by evidence; that the holding of the court in Swiastyn v. St. Joseph Light and Power Company, 459 S.W. 2d 24 (Mo.App.1970), dictates the submission of the instruction given in this case. In Swiastyn, the plaintiff's verdict directing instruction for a bus fall case based on a modified MAI 22.04 read:

"Your verdict must be for the plaintiff if you believe:

First, there was an accumulation of ice and snow in the platform or steps of the motor bus of defendant, and as a result, the platform and steps were not reasonably safe for the use of passengers, * * *."

However, in Swiastyn, the court in holding that the above instruction was prejudicially erroneous stated:

" * * * We do believe the instruction contains elements as to which there is no evidence—(1) No evidence of any accumulation on the platform. (2) No evidence that the platform was not safe. (3) No evidence of an accumulation of ice on either the platform or steps. It is fundamental that an instruction must be bottomed upon evidence. Before a factual finding may be submitted in an instruction there must be some evidence of that fact. Otherwise an issue not in the case is submitted and a verdict is authorized upon a finding which is unsupported by evidence."

▮ Plaintiff contends that the jury can deduce that an accumulation of water causing a dangerous condition on the bus existed because there was evidence of heavy rainfall at Lambert Field the early morning of the accident and that some bus windows were open when the driver picked

up the bus in the morning prior to the accident; that such facts logically account for water on the bus floor. This is not enough. We find from Harding v. City of St. Joseph, 222 Mo.App. 749, 7 S.W.2d 707 (1928) at 711, that "accumulate" means: "to collect; to heap up in a mass or pile up." An accumulation of water is substantially different from a "moist floor as though wiped with a wet cloth", or as plaintiff testified, "no standing water". It is essential to a proper instruction that an issue in an instruction be supported by substantial evidence from which a jury can reasonably find such issue and not be based on mere speculation or conjecture. Bridgeforth v. Proffitt, 490 S.W.2d 416 (Mo.App.1973); Swiastyn v. St. Joseph Light and Power Company, *supra*. We believe that the evidence here does not support an instruction that would require the jury to find that an accumulation of water existed on the bus at the time the driver picked up the bus at the yard on Broadway and East Taylor half an hour prior to the plaintiff's boarding the bus particularly where, as here, there is the additional factor that there was no evidence to support a finding that an accumulation of water existed at the time plaintiff boarded the bus. There is no evidentiary support for the hypothesis recited in the first paragraph of plaintiff's verdict director.

■ In our review of the trial court's action granting a new trial, we will not interfere with the trial court's ruling unless there is a clear showing of abuse of discretion. Cook v. Cox, 478 S.W.2d 678 (Mo. 1972); Royal Indemnity Company v. Schneider, 485 S.W.2d 452 (Mo.App.1972). We find no abuse of the trial court's discretion in its finding that the addition of the first paragraph relating to accumulation of water was an improper deviation from MAI 22.04 or MAI 22.05 or that there was no evidentiary circumstantiation for plaintiff's verdict director. Accordingly, the judgment sustaining the motion for new trial is affirmed.

CLEMENS, Acting P. J., and McMILLIAN, J., concur.