## ADAMS

v.

## STATE AUTO. INS. ASS'N OF DES MOINES, IOWA.

### No. 21994.

Kansas City Court of Appeals.

Missouri.

Jan. 11, 1954.

Roland A. Zeigel, W. C. Frank, Kirksville, for appellant.

Jayne & Jayne, Russell D. Roberts, Kirksville, respondent.

BROADDUS, Judge.

This is an appeal by defendant from a judgment for $4,542.12 in favor of plaintiff, Bobbie J. Adams, in an action upon a policy of collision insurance. The judgment includes an attorney's fee of $750 based upon a finding of defendant's vexatious refusal to pay plaintiff.

On November 1, 1952, a 1952 G.M.C. tractor belonging to plaintiff, a resident of

Kirksville, Missouri, was involved in a collision in Illinois, one mile east of the Chain of Rocks Bridge near St. Louis, Missouri. Prior thereto, on August 11, 1952, defendant executed and delivered to plaintiff the policy of insurance sued on insuring plaintiff against loss "caused by collision" of said tractor.

Defendant's chief contention is, that plaintiff's recovery was had upon the facts alleged in the reply and not upon those alleged in the petition. Thus, it becomes necessary to summarize the pleadings.

Plaintiff's petition, after setting out the residence of the parties and that defendant was authorized to engage in the insurance business in this state, alleged that defendant executed and delivered to plaintiff "its policy of insurance No. M582570, together with various schedules and endorsements, a copy of which policy, together with the schedules and endorsements thereon, is attached hereto and made a part hereof and marked Exhibit A. That by the terms of said policy, said defendant * * * agreed to insure plaintiff against loss by collision on a 1952 G.M.C. Two ton Tractor * *, and that said insurance was to be effective from the 11th day of August, 1952, until the 11th day of August, 1953. That by said policy * * * defendant agreed to pay plaintiff the actual cash value of any such loss, less the sum of $100. That plaintiff paid to defendant the premium demanded of him and has complied with all of the terms and conditions of said policy of insurance and has performed all of his obligations thereunder. That * * * while said policy was in full force and effect, and on the 1st day of November, 1952, the motor vehicle * * * was involved in a collision while being used and operated within the terms and conditions of said policy, and that said vehicle was of the value of $4,292.12 * * * and that the same was completely destroyed in said accident * * *."

The petition further alleged that defendant was duly notified of said loss, but has wrongfully and without cause failed "to pay to plaintiff the amount of said loss or any part thereof, and has expressly denied liability for the same." In addition to the value of the tractor, the petition sought damages for vexatious refusal to pay.

Defendant's answer, after admitting all other allegations of the petition, denied any obligation to pay, and set up as a defense "that the liability coverage of defendant under and by virtue of said policy * * * was expressly limited and conditioned however by a Limitation of Use Endorsement, in writing, same being by agreement between plaintiff and defendant, made a part and parcel of said policy of insurance, wherein and whereby said insurance policy and the coverage thereof and defendant's liability thereunder is expressly limited and conditioned that the policy of insurance * * * does not apply to any accident, loss or damage arising out of the ownership, maintenance or use of said * * * Tractor unless such accident, loss or damage occurs within an area within a 150 mile radius of the city or town stated as the address of the named assured as set forth in the declarations by assured in the policy except as follows: 'It is further agreed that the above radius shall also include St. Louis, Missouri.'" (The evidence discloses that the distance from Kirksville (assured's stated address) to the place of the collision was about 158 miles.)

In paragraph (1) of plaintiff's reply he alleged "that at the time and place of the collision mentioned the vehicle described was being operated from Kirksville, Missouri to the City of St. Louis, Missouri and that the same was being operated over the usual, regular, and most feasible route to the destination of the truck in St. Louis, Missouri, and that said policy provided coverage not only for the City of St. Louis, Missouri, but for all points between said City of St. Louis, Missouri, and Kirksville, Missouri, and that therefore the loss alleged by plaintiff's petition occurred and arose while said vehicle was being operated within the terms and conditions of said policy." And in paragraph (2) plaintiff stated "that by said policy the limits of use are extended beyond the 150 mile radius described therein and include the radius with limits extending from the City of Kirks-

ville, Missouri, to all points in the City of St. Louis and that the accident mentioned in plaintiff's petition occurred within said radius."

Defendant's "answer to plaintiff's reply" contains the following: "(1) Defendant admits the allegations of paragraph one of said reply." And "(2) Defendant admits the allegations of paragraph two of plaintiff's reply, and admits that the radius limits therein described include the City of St. Louis, Missouri."

There are only two questions presented on this appeal. The first is whether or not the giving of Instruction No. 1 on behalf of plaintiff was error, and the second, whether or not the giving of Instruction No. 3, which submitted the question of defendant's alleged vexatious refusal to pay, was likewise error.

Defendant's complaint about Instruction No. 1 is two-fold. First, that "it permitted the jury to find for plaintiff upon the facts alleged in the reply and not upon the facts alleged in the petition." Second, that "it assumed facts not proven by evidence * * *."

■ Taking up the first point raised as to Instruction No. 1, it must be noted that plaintiff in drafting his petition was not required to anticipate what defenses might be asserted by defendant, and was bound only to allege facts which, if true, constituted a cause of action. Christy v. Great Northern Life Ins. Co., 238 Mo.App. 525, 181 S.W. 2d 663, 669. In doing this, it was sufficient for plaintiff to aver generally that all conditions precedent had been performed or had occurred. Section 509.170 RSMo 1949, V.A.M.S.

■ In the instant case, plaintiff by his petition alleged that his vehicle, insured by defendant, was damaged in a collision at a time when it was being operated within the terms and conditions of the policy. The petition said, in effect, that at a time when defendant was insuring plaintiff against loss by collision, plaintiff suffered such a loss. In answer to that charge, defendant set out an endorsement attached to the policy which purported to limit the otherwise general coverage afforded by the policy, and claimed that the accident occurred in an area wherein defendant had not agreed to insure the vehicle. By his reply, plaintiff *did not assert any new cause of action* or make any new claim, but set out that even though the accident occurred at a point more than 150 miles from Kirksville, Missouri, and not within the actual city limits of the city of St. Louis, Missouri, still the policy afforded coverage, since by its terms the limitation of use endorsement provided coverage at the point where the accident occurred at the time and under the conditions of the occurrence.

In order to advise defendant of the reasons why plaintiff thought the coverage existed, the reply set out specifically that the limitations of use endorsement extended the 150 mile radius to include the City of St. Louis, Missouri, and that at the time of the collision, plaintiff's truck was being driven from Kirksville to St. Louis, Missouri, over a usual, regular and feasible route and that the policy therefore afforded coverage. This actually raised two questions, one of law and one of fact. The trial court by giving Instruction No. 1 in effect said that if the facts were as pleaded by plaintiff, then the vehicle was covered at the time of the collision. This appeal does not challenge that legal proposition. By the instruction the court submitted the fact questions to the jury, that is, whether or not the truck was being operated from Kirksville to St. Louis and if so, whether or not it was being operated over a usual, regular and feasible route. There was testimony to support a finding for plaintiff on those questions. The driver of plaintiff's truck testified that he was going to the P & W docks in St. Louis Missouri. Defendant offered no evidence to the contrary. Two witnesses testified that the point of the accident was on a usual, regular and feasible route between Kirksville and the P & W docks in St. Louis, Missouri. Again, defendant offered no evidence to the contrary. When the jury resolved those questions in favor of plaintiff, it, in effect, said that the truck of plaintiff

suffered a loss by collision while being operated within the terms and conditions of the policy. That was the charge made by the petition. Plaintiff never sought recovery on any other theory and the reply was merely a statement of why plaintiff considered defendant's stated defense to be invalid. We rule the point against defendant.

Nor is there any basis for defendant's second complaint leveled at this instruction—that it "assumes facts not proven by the evidence." Each fact assumed is one either admitted by the pleadings or by a stipulation entered into by counsel at the trial.

 Defendant says that Instruction No. 3 should not have been given because there was no evidence to show that defendant's refusal to pay was either vexatious or without reasonable cause.

The rule relative to this question is stated in the much cited case of Patterson v. American Insurance Co. of Newark, N. J., 174 Mo.App. 37, 44, 160 S.W. 59, 62, that "the penalty should not be inflicted unless the evidence and circumstances show that such refusal was willful and without reasonable cause as the facts appeared to a reasonable and prudent man before the trial; and merely because the judgment, after the trial, is adverse to defendant's contention is no reason for inflicting the penalty." And as said in Paetz v. London Guarantee & Accident Co., 228 Mo.App. 564, 71 S.W.2d 826, 832. "Whether a refusal or failure to pay is vexatious or not, must be determined by the situation as presented to the defendant *at the time it was called on to pay.*" (Emphasis ours.)

A careful examination of this record discloses that the first knowledge that defendant had that the truck was being driven to St. Louis, Missouri, over a regular and usual route was when plaintiff's reply was filed. The facts, as they appeared to defendant at the time it denied liability, were that the place of collision was across the Chain of Rocks Bridge in Illinois and more than 150 miles from Kirksville, assured's stated address. And, standing alone, these facts revealed that defendant was not liable under the policy. Thus defendant's refusal to pay was not willful and without reasonable cause and the giving of Instruction 3 was error.

If plaintiff will within 15 days from the announcement of this opinion file a remittitur of $750, the judgment for the reduced amount of $3,792.12, with interest thereon at the rate of six per cent per annum from April 17, 1953, the date of the original judgment will be affirmed, otherwise the cause will be reversed and remanded. It is so ordered. All concur.