George H. BOHN, Respondent,

v.

Edward T. JAMES, Appellant.

No. 39327.

Missouri Court of Appeals,
St. Louis District,
Division Four.

Oct. 31, 1978.

Robert H. Burns, John H. Marshall, Clayton, for appellant.

Godfrey P. Padberg, St. Louis, for respondent.

ALDEN A. STOCKARD, Special Judge.

Defendant has appealed from a judgment entered pursuant to jury verdict in which plaintiff was awarded $8,000 damages for

injuries resulting from an automobile collision.

Plaintiff's and defendant's evidence differed as to the manner in which the collision occurred. According to defendant, plaintiff was driving northward in the right hand lane of Highway 244 (now Highway 270), and defendant was following him but driving in the center lane. After they passed the intersection with Highway 40 defendant's automobile gained on that of plaintiff and when the two automobiles were about 20 feet apart, plaintiff moved quickly from the right lane into the center lane without signaling. Although defendant attempted to brake his automobile he struck plaintiff's automobile in the rear.

According to plaintiff, he was traveling about 55 miles an hour northward in the right curb lane of Highway 244, and he moved over into the center lane before he reached the intersection with Highway 40. The highway was clear of traffic ahead of him, and after driving at least three-quarters of a mile in the center lane his automobile was struck in the rear by defendant's automobile.

■ Plaintiff testified over objection that immediately following the collision he "detected alcohol on [defendant's] breath," and the investigating police officer testified over objection that his report indicated that he "apparently" smelled alcohol on defendant's breath. Defendant also testified on cross-examination, over objection, that after leaving his place of employment he had consumed three or four beers. Defendant asserts that this evidence to the effect that he had been drinking was prejudicially erroneous because there was no evidence of erratic driving on his part, and as stated in *Boehm v. St. Louis Public Service Company*, 368 S.W.2d 361, 372 (Mo.1963), such evidence is admissible only "when coupled with evidence of erratic driving * * *." See also *Doisy v. Edwards*, 398 S.W.2d 846 (Mo. 1966); *Cheatham v. Chartrau*, 237 Mo.App. 793, 176 S.W.2d 865 (1944); *Hager v. McGlynn*, 518 S.W.2d 173 (Mo.App.1974).

Defendant argues that there was substantial evidence from which the jury could find that plaintiff was negligent in moving into the center lane in front of defendant, and that of "utmost importance" is the testimony of plaintiff that the police officer gave defendant a test in which he was to try to walk a straight line and to bend over, and that the police officer stated on his report that defendant's ability was "not impaired." However, plaintiff relies on other testimony and circumstances disclosed by the evidence as constituting evidence of erratic driving. He points out that it was a clear day, that there was no traffic ahead of him, and that he was driving 55 miles an hour, and that he had been in the center lane for at least three-quarters of a mile. Also, that defendant was driving 75 to 80 miles an hour, which was in excess of the speed limit, and that he continued to drive in the same lane as plaintiff, although the lane on either side was open and overtook and collided with the rear of plaintiff's vehicle. Whether plaintiff's or defendant's version of what occurred was to be believed was an issue for the jury, but plaintiff's version did constitute evidence of erratic driving on the part of defendant. See *Hager v. McGlynn*, supra. The trial court did not err in overruling defendant's objection to the testimony indicating that he had been drinking.

Dr. Waldo Forsman, plaintiff's treating doctor, referred plaintiff to Dr. Donald O. Burst, an orthopedic surgeon, because, as he said, he had done all he could and wanted another doctor to examine him. At the time of trial Dr. Burst was suffering from a physical disability and was unable to be in court. It was stipulated that a report made by Dr. Burst was made in the regular course of business and that it would not be necessary to produce the custodian of the records to establish the report as a business record under the Uniform Business Records as Evidence Act, §§ 490.660–490.690 RSMo 1969. Part of the report was read to the jury, and part was excluded on specific objection of defendant. That part that was read contained a recital of certain factual matters concerning the collision which is in accord with defendant's testimony, and of

which there is no dispute. The remainder of the report that was read pertains only to the issue of damages; in other words, how seriously plaintiff was injured.

Defendant asserts that the report "is hearsay, not subject to the Business Records exception to the hearsay rule," and was made "in anticipation of and in the course of litigation."

 As noted, it was stipulated that the record was made in the usual course of business, and Dr. Forsman, not plaintiff's lawyer, referred plaintiff to Dr. Burst for an examination. As stated in *Rossomanno v. Laclede Cab Company*, 328 S.W.2d 677, 681 (Mo. banc 1959), "The Business Records as Evidence Law abrogated many of the antiquated and technical common law rules regarding the admission of business records in evidence and expanded the operation of the common law rule for the admission of such records as an exception to the hearsay rule. * * * Therefore, an objection to a business record on the ground that it is hearsay is unavailing if the record meets the requirements of the act for admission in evidence." Defendant advances no reason why he contends the report was not subject to the business records exception to the hearsay rule, and as demonstrated by the *Rossomanno* case, supra, there is no merit to the objection that the record was hearsay.

The fact that a business record was made "in anticipation of and in the course of litigation" does not, of itself, result in it being inadmissible in evidence. Many business records are made in anticipation of litigation. It is only when the record is not made "in the regular course of business" as required by § 490.680, supra, but its primary utility was in litigating that it becomes inadmissible for that reason. See *Kitchen v. Wilson*, 335 S.W.2d 38, 43 (Mo.1960). The testimony of Dr. Forsman as to the reason he referred plaintiff to Dr. Burst establishes that the report was made by Dr. Burst in the course of his business as an examining orthopedic surgeon.

As previously noted, the contents of the report of Dr. Burst, except the undisputed comment that the injuries were sustained when plaintiff "was driving at approximately 55 miles an hour on Highway 244 and was hit from the rear by another car," pertained solely to the issue of damages, but there is no point in defendant's brief that the verdict was excessive. For this reason defendant's challenge on this appeal to the admission in evidence of parts of Dr. Burst's report is without merit. See *Anderson v. Bell*, 303 S.W.2d 93, 100 (Mo. 1957); *Miller v. Haynes*, 454 S.W.2d 293 (Mo.App.1970).

Plaintiff requests that we invoke Rule 84.19 pertaining to frivolous appeals, which in the exercise of our discretion we decline to do.

The judgment is affirmed.

DOWD, P. J., and SNYDER, J., concur.