Lou Ella O'LAUGHLIN,
Plaintiff-Appellant,

v.

Thomas BARSTOW and Sioux Yacht Club, Inc., Defendants-Respondents.

No. 45391.

Missouri Court of Appeals,
Eastern District,
Division Two.

March 29, 1983.

Leonard P. Cervantes, St. Louis, for plaintiff-appellant.

Eugene K. Buckley, Joseph L. Leritz, St. Louis, for defendants-respondents.

KAROHL, Judge.

Plaintiff O'Laughlin sued defendants Barstow and Sioux Yacht Club, Inc. for personal injuries resulting from a fall on a stairway leading from a river bank to a boat dock. Defendant Sioux Yacht Club, Inc. leased "bank space for wet storage" to members of the Club who stored and used their boats along the river. During the relevant period the Club leased dock space to defendant Barstow. Some of the lessees, including defendant Barstow, constructed stairways from the river bank to their docks. Lessees and their guests customarily used all stairways on Club grounds. No express permission was asked or given. Defendant Barstow built a wooden stairway leading to his dock. The stairway included about twenty steps and had a wooden banister to the right when used to ascend.

Plaintiff's evidence was that she had enjoyed a dinner with her husband and another couple on the couple's boat and was ascending defendant Barstow's stairway to go home. She was holding the banister with her right hand. At the fifth or sixth step from the bottom she stubbed her toe on the next step. When she put her weight on the banister, it cracked or gave way and she was thrown to the left, off the stairs and injured her right leg.

Defendant Barstow stood on his motion for directed verdict at the close of plaintiff's case and offered no evidence.

A disinterested eye-witness testified for defendant Club that the plaintiff was descending the stairs in front of her husband and another couple. She was ahead of the others with the banister to her left. The witness heard laughter and he saw plaintiff turning around as if she were talking to somebody to the side or behind her. She took a step and was pitched forward, fell and went over to the right. The fall occurred very close to the top, at approximately the second step. He and others went to her aid. The witness inspected the banister a few days later and found nothing wrong with it at the point where she fell.

Plaintiff alleged that defendants owned or controlled and provided the stairway and banister, had superior knowledge, knew or should have known of a defective banister and failed to inspect, maintain or warn. Defendants pleaded a general denial and both pleaded affirmatively and generally that plaintiff's injuries were the result of her own negligence.

Judgment was for both defendants in accord with the jury verdict.

Plaintiff claims that the trial court erred in admitting evidence that plaintiff had been drinking beer just prior to the event and in failing to give a withdrawal instruction to remove that issue from the case. Plaintiff also contends that the court erred in giving a specific contributory negligence instruction of failure to keep a careful lookout when both defendants pleaded the affirmative defense of contributory negligence generally.

We first consider the evidence of drinking. Plaintiff concedes that the evidence before the jury was that she had consumed as many as four beers during the afternoon and before her fall, which occurred at approximately 6:30 in the evening. She argues, however, that there was no evidence of any erratic behavior prior to the fall and therefore that the evidence of drinking was immaterial to causation and so prejudicial as to deny her a fair trial. The court refused a pre-trial motion *in limine,* refused a "running objection" and refused a withdrawal instruction offered by the plaintiff on the issue of drinking.

There was evidence from the plaintiff and the plaintiff's husband with regard to her consumption of beer which was admitted without objection. On cross-examination, plaintiff testified that she had a beer that afternoon and one or two before dinner. Plaintiff was cross-examined regarding her deposition, in which she admitted she had two beers. Plaintiff's husband tes-

tified on cross-examination, that plaintiff had no more than three beers all day. Moreover, on re-direct examination plaintiff's counsel asked her husband if plaintiff appeared to be intoxicated. Plaintiff's husband replied, "Oh, definitely not."

 It is the trial court's function to determine the admissibility of evidence as a matter of law. The trial court's ruling with regard to the acceptance or rejection of evidence will not be disturbed on appeal unless there is an apparent abuse of discretion. *Nielson v. Dierking,* 418 S.W.2d 146, 150 (Mo.1967); *State ex rel. State Highway Commission v. City of Sullivan,* 520 S.W.2d 186, 190 (Mo.App.1975).

We find no abuse of discretion. The issue was before the court and the jury without objection. Further, plaintiff's counsel waived this point when he asked plaintiff's husband if plaintiff appeared intoxicated. *See Martin v. Fulton Iron Works Co.,* 640 S.W.2d 491, 495 (Mo.App. 1982); *Bewley v. Allright Carpark, Inc.,* 617 S.W.2d 547, 552–53 (Mo.App.1981), where it was held that failure to object to opponent's evidence or arguments followed by party's reference to same matter constituted waiver of objection to admissibility. The trial court therefore neither erred in admitting the evidence of drinking nor in refusing to give a withdrawal instruction.

Further, the jury had before it evidence that the fall was not caused by a defective banister. There was testimony that the fall occurred in a different place and under different circumstances than plaintiff described in her version of the facts. The jury was free to believe that the accident occurred two steps from the top of the stairway when plaintiff was descending in the company of her husband and others. The jury was free to find from this evidence that the negligence submitted by plaintiff's verdict directing instruction, a defective banister, had nothing whatever to do with her fall. Weight and credibility of evidence are to be determined by the jury, not by the Court of Appeals. *Moslander v. Dayton Tire and Rubber Co.,* 628 S.W.2d 899, 904 (Mo.App.1981).

Regarding plaintiff's second point, we hold that the trial court was authorized to submit the issue of contributory negligence specifically where the affirmative defense of contributory negligence was pleaded generally and plaintiff made no request that the pleading be made more definite and certain. *State ex rel. Shell Petroleum Corporation v. Hostetter,* 348 Mo. 841, 156 S.W.2d 673, 677–78 (banc 1941).

Finding no error the judgment is affirmed.

SNYDER, P.J., and DOWD, J., concur.