**Marion D. LAUDERDALE and Betty Lauderdale, Plaintiffs-Appellants,**

v.

**Marvin SIEM, Defendant-Respondent.**

**No. 51322.**

Missouri Court of Appeals, Eastern District, Division Three.

March 10, 1987.

**898**

Jack H. Ross, Clayton, for plaintiffs-appellants.

Ben Ely, Jr., St. Louis, for defendant-respondent.

PUDLOWSKI, Presiding Judge.

Plaintiffs below, Marion and Betty Lauderdale appeal from a judgment for respondent, Marvin Siem, the defendant ad litem in a wrongful death action brought by the Lauderdales as a result of the death of their twenty-one year old daughter, Lisa Lauderdale. Lisa's death resulted from a head-on collision between her car and a car driven by Lori Siem, in which David McCandless was a passenger. Lori Siem, Marvin Siem's daughter, also died as a result of the collision. The judgment for respondent is affirmed.

The accident occurred on December 24, 1981 at approximately 7:35 p.m. in West St. Louis County, Missouri on Highway 100, also known as Manchester Road, one-half mile west of Henchen Road. The Lauderdale vehicle was traveling east. Prior to the collision, the vehicle driven by Lori Siem was traveling west. Siem was pronounced dead at the scene. Lisa Lauderdale died at a hospital the next day without ever regaining consciousness. David McCandless was the only survivor of the collision.

Appellants' wrongful death action was based on their claim that the accident occurred in the eastbound lane and resulted from the fact that Siem was in the wrong lane. The case went to the jury which concluded that appellants had failed to establish the truth of that allegation. The jury therefore returned a verdict for respondent and judgment was entered.

■ Appellants contend that the judgment must be reversed because the trial court erred in two respects. Appellants' first claim that the trial court erred in failing to allow them to introduce evidence of Lori Siem's blood alcohol level at the time of the accident. Appellants' second contention is that the trial court erred in failing to allow Mr. Lauderdale, who was fully disabled prior to his daughter's death, to introduce evidence concerning the details of his disability. Respondent contends that appellants never made a submissible case and therefore even had there been error, it could not have been prejudicial. If, as in

the case *sub judice*, the verdict is for the defendant, there can be no prejudicial error if plaintiff(s) did not make a submissible case. We therefore address this threshold issue before discussing appellants' points. *See Williams v. John Hancock Mutual Life Insurance Company*, 718 S.W.2d 611, 613 (Mo.App.1986).

In reviewing

whether a plaintiff has made out a factual issue for consideration by a jury, we must view the evidence from a standpoint most favorable to plaintiff. Viewing the evidence from such a standpoint, however, we must have a regard for the rule that the plaintiff has the burden of introducing substantial evidence tending to prove the facts essential to recovery.

*Schoen v. Plaza Express Co.*, 206 S.W.2d 536, 538 (Mo.1947). In the case *sub judice* one of the key facts that appellants had the burden of establishing was that Lori Siem caused the accident by crossing the center line and entering the eastbound lane. If appellants failed to present substantial evidence to support that proposition, then they failed to make a submissible case and they cannot prevail on appeal.

In the instant case there was no living eyewitness with a memory of this tragic accident. Therefore the appellants rely upon circumstantial evidence.

In that light, we are reminded of the principle that:

[f]acts necessary to sustain a recovery in a civil case may be proven by circumstantial evidence, but the facts and circumstances proven must be such that the necessary facts to support a verdict may be inferred and must reasonably follow. Such evidence must exclude guesswork, conjecture, and speculation as to the existence of the necessary facts.

*Schoen* at 538.

Appellants' only witness on the liability issue was Sidney Anderson, an investigator for the St. Louis County Medical Examiner's Office. He testified that when he arrived at the scene the Lauderdale automobile was on the far side of the eastbound lane, on the south shoulder of the road. The Siem car was sideways across the westbound lane. Anderson related that most of the debris was in the eastbound lane. When he was presented with a photograph by appellants' attorney, Anderson opined that although the picture did not reveal a gouge mark, he recalled that there was one and that it went from north to south across the eastbound lane, starting near the center line. No other pertinent testimony was given.

■ The rule in Missouri has long been that the location of debris alone does not necessarily indicate that the accident occurred where the debris was located. *See,* e.g. *Berry v. Harmon*, 323 S.W.2d 691, 695 (Mo.1959); *Schoen* at 538. However, in *Bentley v. Crews*, 630 S.W.2d 99 (Mo.App. 1981), Division Four of this court interpreted the Missouri Supreme Court's latest decision on this issue, *Hodge v. Goffstein*, 411 S.W.2d 165 (Mo.1966), as changing this rule. The *Bentley* case interpreted *Hodge* as holding that the introduction of the location of debris alone was substantial evidence to prove the point of the impact of the vehicles and therefore corroborate the plaintiffs' theory of negligence, *i.e.,* that evidence was sufficient to make a submissible case. *Bentley* at 104.

After carefully examining *Hodge*, we conclude that *Bentley's* reliance on *Hodge* was misplaced and that the long established principle formulated by our Supreme Court that "location of debris alone is not determinative of the location of the impact of colliding automobiles," is still the polestar.

In *Hodge* the Supreme Court considered the evidence of 1) the specific damage to the Gray automobile which was alleged to have crossed into the southbound lane, 2) all of the debris which was located in the southbound lane, 3) the location of all three vehicles involved in the accident, and 4) the speed of the Gray automobile associated with a passing maneuver before the accident. Although the Supreme Court stated that the jury could attach "major" significance to the concentration of debris, it concluded after discussing the four determinative factors that *"the evidence* was suffi-

cient to permit the reasonable conclusion that the collision occurred in the southbound lane." *Id.* at 169. The court never stated that the location of debris alone was sufficient to make a plaintiff's case submissible.

We note that *Bentley* at 103 averred that "neither the momenta of the vehicles nor the angle of their impact was before the court in *Hodge*." [1]

We believe *Bentley* overlooked or misinterpreted *Hodge's* evidence. *Hodge* states at 168, "as the evidence indicates the vehicle was angeling northeasterly." The court continued "although the Gray vehicle sustained damage to its left front, the major impact to that vehicle appeared to have been concentrated at the roof post in the vicinity of the steering wheel. It also sustained sideswipe damage for its entire length. This would be consistent with plaintiff's theory that the Gray vehicle had entered the southbound lane and was returning to its own lane at the time of the collision, in which event it would have been proceeding in a *northeasterly* direction, that it continued in that direction is shown by the gouge marks."

The defendant in *Hodge* then contended that that evidence equally would support his theory. At that point the court averred that the "jury could attach major significance to the location of the debris." But significantly the court did not conclude that fact alone would be sufficient.

■ We conclude that the longstanding principle and its rationale beginning with *Lapp v. Prebe*, 345 Mo. 68, 131 S.W.2d 511, 513 (1939) and its progeny, that evidence of location of debris alone is insufficient to determine where the point of impact occurred is still viable and therefore the appellants in this case failed to make a submissible case.

We recognize the admonition in *Grippe v. Momtazee*, 696 S.W.2d 797 (Mo. banc 1985) but because of the issue of submissibility and plaintiffs' first point on appeal

being so intertwined it was necessary to address the submissibility issue initially. Having done so, we now address appellants' two points on appeal.

■ Appellant's first point on appeal is that the trial court erred in failing to allow them to introduce evidence of Lori Siem's blood alcohol level at the time of the accident.

Evidence that a driver involved in a motor vehicle accident was intoxicated is so highly prejudicial that our courts have held that it is not admissible unless there is sufficient evidence that the intoxication led to erratic driving which contributed to the accident. *Doisy v. Edwards*, 398 S.W.2d 846, 849 (Mo.1966); *Bentley v. Crews, supra* at 107. In the case *sub judice*, the burden was on the appellants to demonstrate that Lori Siem's drinking had caused her to drive erratically. They failed to do so absent a finding that debris alone made a submissible case.

The only direct evidence before the trial court concerning Lori Siem's driving came from the deposition testimony of her passenger, David McCandless, who was not called as a witness at the trial. While McCandless admitted that he did not remember the collision or the few minutes preceding it, he did remember everything up to the few minutes preceding the accident, and he stated that he had not noticed anything erratic about Siem's driving.

The circumstantial evidence as stated above was insufficient to support any theory of erratic movement of the automobile. Appellants were required to present some evidence which, at least if believed by the jury, would indicate that Lori Siem's driving that night was erratic. *See Doisy v. Edwards, supra* and *Bentley v. Crews, supra*. They failed to do so and the evidence concerning the autopsy report on Siem's blood alcohol level was therefore inadmissible. The trial court correctly so held. We find no error.

---

1. The Supreme Court was aware of the speed of the defendant's auto when it asserted "The fact that Gray's vehicle proceeded three times farther from the site of the collision than the

Barber's auto would indicate a speed of operation of the Gray vehicle associated with a passing manuver." *Hodge* at 169.

We next address the appellants' contention that evidence concerning the details of Mr. Lauderdale's disability was improperly excluded. The trial court allowed Mr. Lauderdale to testify that he had been disabled for 26 years, since age 33, but refused to allow him to testify regarding his physical capabilities and limitations. The trial court has broad discretion to make decisions regarding when evidence should be excluded. *Bine v. Sterling Drug, Inc.*, 422 S.W.2d 623, 631 (Mo.1968). That discretion includes the power to exclude evidence even if it has some probative value, if it has a disproportionate likelihood of prejudicial impact.

 The Missouri wrongful death statute, § 537.090 RSMo 1986, allows parents to obtain damages based in part on the loss of financial assistance that they would have expected to receive from their children. Evidence concerning a parent's income and ability to work is admissible "where such evidence has a reasonable tendency to show the extent of their pecuniary loss." *Hildreth v. Key*, 341 S.W.2d 601, 614 (Mo.App.1960). Therefore, evidence that Mr. Lauderdale was disabled was properly admitted. However, once it was established that he was totally disabled, evidence concerning the details of his disabling condition had little relevance and was likely to engender sympathy which could have prejudiced the minds of the jurors. The trial court therefore did not abuse its discretion in excluding the evidence.

The judgment is affirmed.

CRANDALL and KAROHL, JJ., concur.