James ESSMAN, Plaintiff–Appellant,

v.

FIRE INSURANCE EXCHANGE, Defendant–Respondent.

No. 52970.

Court of Appeals of Missouri, Eastern District, Division Three.

June 21, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 27, 1988.

Bruntrager, Bruntrager & Billings, P.C., Raymond A. Bruntrager, Mary P. Schroeder, St. Louis, for plaintiff-appellant.

Knipmeyer, McCann, Fish & Smith, Claire C. McCaskill, Kansas City, for defendant-respondent.

KAROHL, Presiding Judge.

Insured, under fire insurance policy, appeals after judgment was entered in favor of defendant in accord with a defendant's verdict. Plaintiff claimed damages to real estate and personal property resulting from a fire at his home on March 5, 1982. He also claimed statutory vexatious refusal to pay damages and an attorney's fee. Defendant relied upon affirmative defenses that plaintiff misrepresented the "nature, description and extent of items damaged, the cause and origin of loss, and the nature, extent and amount of loss." It also defended on the ground that defendant caused the loss and misrepresented facts on the application for insurance, particularly, that the home was not subject to a mortgage.

The court submitted two defense instructions. The jury found: (1) plaintiff willful-

ly represented the extent and amount of the damage to the dwelling or the extent and the value of the personal property; that either representation [or both] was false; plaintiff knew the representation was false; in making the representation plaintiff intended to deceive defendant and that such representation concerned a material matter relating to the claim [Instruction No. 6]; or, (2) the fire at plaintiff's dwelling was of an incendiary origin and the fire was caused by or at the direction of plaintiff [Instruction No. 7]. In a timely motion for new trial defendant complained about submission of two affirmative defense instructions. That claim has been abandoned.

The background facts describe a relationship between the parties in addition to that of insured and insurance company. Beginning in June, 1976, plaintiff served defendant as an independent insurance agent. Defendant notified plaintiff by letter of July 29, 1981 that it intended to terminate the relationship by November 1, 1981. In August 1981, plaintiff contracted to buy and in October, 1981, bought a house for a total price of $10,000. He paid $2500 cash and obtained $7500 by a loan secured by the property. In September, 1981, the parties reached a settlement regarding the insurance agency relationship. Plaintiff agreed not to appeal termination and the company agreed to terminate the relationship on December 31, 1981.

During the extended period of the business relationship, on November 19, 1981, plaintiff placed insurance on his newly purchased residence. The coverage provided was $48,000 for the real estate [actual value not replacement value was covered], $24,000 on personal property and $9600 for living expenses. The application reflected no mortgages.

For purposes of this civil proceeding the following facts are not disputed. Between April 19, 1981, and December, 1981, plaintiff organized some corporations, GES Construction Company, Michael Construction Company and Midwest Roofing. During that period he submitted repair bids to defendant on behalf of these companies for fictitious losses. He obtained drafts payable to one of the companies. He endorsed them with fictitious names and kept the money. The claims were fraudulent. Subsequently, plaintiff was charged and convicted on four counts of stealing in connection with these transactions. Plaintiff admitted submitting at least twenty-five fraudulent claims to defendant.

The fire at issue occurred on March 5, 1982. Plaintiff filed a report of loss on March 8, 1982. Mr. Bates, representing an adjustor hired by defendant, inspected the premises with plaintiff on March 10, 1982. Mr. Bates concluded the loss to the real estate was in the amount of $8,000, to the contents in the amount of $5,000 and that $1,000 would be proper for living expenses. Within one week thereafter, plaintiff removed all of the personal property and gutted the house. These actions were contrary to the direction of Mr. Bates.

On March 21, 1982, plaintiff filed a formal proof of loss claiming $20,700 real estate damage and $25,997 in personal property loss. Plaintiff supported his claim by an estimate prepared by one of his own companies.

On May 5, 1982, Ivan L. Saunders, an expert in the cause and origin of fires, hired by defendant, visited the property. He concluded the fire started in the southeast bedroom at two points of origin and "pour patterns" indicated the presence of a flammable liquid. Mr. Saunders ruled out the possibility that the fire resulted from a natural or accidental cause.

On November 28, 1982, defendant denied plaintiff's claim and informed plaintiff:

> "This is to advise that we are denying your fire loss claim of March 5, 1982. We do not believe that a fire loss occurred as you reported. Further, you have provided us with false information in violation of policy conditions. This was an intentional fire, and we have concluded that you are implicated in it."

We consider plaintiff's four claims of trial court error. The first two contend

that the court erred in submitting defense Instruction No. 6 because it was based upon a defense of misrepresentation which was waived and because it lacked evidentiary support, misled and confused the jury. The third point claims error in excluding rebuttal evidence as to the cause of the fire in the form of expert testimony which was intended to undermine the testimony of defendant's expert. The fourth and last claim of error is that the court erred in admitting extended evidence in the form of a statement made by plaintiff regarding his theft from defendant because it was not evidence of motive for arson or proper impeachment. In point four plaintiff claims that the court compounded its error made in point three by refusing a cautionary instruction on the use of the evidence admitted consisting of plaintiff's statement.

■ For two reasons we reject plaintiff's first claim of error that the affirmative defense Instruction No. 6 relating to misrepresentation was erroneously given. First, the claim of error is not supported by the facts. Waiver of a reason to deny a claim may occur if an insurance company has full knowledge of the facts but denies coverage on specified grounds not including the legal defense raised at trial. *See, Stone v. Waters*, 483 S.W.2d 639, 645 Mo. App.1972). However, in the present case the ground of misrepresentation submitted in Instruction No. 6 was included in the denial letter. Defendant denied coverage because plaintiff furnished false information and because the fire was intentionally set. Misrepresentation was specified as a reason to refuse the claim.

■ Second, this issue was not presented to the trial court in plaintiff's motion for new trial. Accordingly, it was not preserved for appellate review. Rule 70.03, *Overfield v. Sharp*, 668 S.W.2d 220, 222 (Mo.App.1984); *Belter v. Crouch Brothers, Inc.*, 554 S.W.2d 562, 563 (Mo. App.1977). Although the issue was made in a motion in limine, such motion preserves nothing for appellate review.

*Anderson v. Rojanasathit,* 714 S.W.2d 894, 895 (Mo.App.1986). A claim of error not presented to and decided by the trial court will not support a new trial. *Ohlendorf v. Feinstein,* 636 S.W.2d 687, 690 (Mo. App.1982).

Plaintiff also claims that the same Instruction No. 6 lacked evidentiary support, misled and confused the jury. We deny this claim for several reasons.

■ First, there was sufficient proof to support submission of a misrepresentation of the amount of damage. Mr. Bates testified that the real estate loss was in the amount of $8,000 and the personal property loss in the amount of $5,000, both considerably less than damages claimed in the proof of loss and law suit. Further, plaintiff claimed real estate loss of $20,700 for a property he just purchased five months before the fire for $10,000. There was evidence to support this submission.

■ Second, the basis of plaintiff's argument that Instruction No. 6 was not supported by the evidence is that the only evidence on value was obtained in cross-examination. This is factually not correct because Mr. Bates testified in the defendant's case. But even if true, Mr. Bates' testimony was substantive evidence of actual losses and his judgment was the losses were far less than plaintiff claimed.

■ Plaintiff's third claim is that the court erred in refusing rebuttal evidence from his expert, Mr. Gronemeyer. Plaintiff attempted to elicit Mr. Gronemeyer's opinion as to whether the fire in plaintiff's dwelling was of incendiary origin. Before rendering that opinion, Mr. Gronemeyer testified that in the field of fire science an expert opinion from an expert who did not see, and did not speak with any expert who did see, the scene is not an accepted foundation for an opinion on causation. On that basis the trial court rejected the offered testimony. If the testimony was intended only to discredit the expert opinion of defendant's expert witness then it was

either not error or not prejudicial. It was not error because defendant's expert, Ivan L. Saunders, did see the property. It was not prejudicial because plaintiff successfully obtained similar testimony from Mr. Gronemeyer that in his opinion Mr. Saunders "had no foundation for his conclusion and his report was very inaccurate." The substance of the testimony plaintiff sought to offer as rebuttal evidence was before the jury. Plaintiff argued in closing argument that Mr. Saunders' report lacked foundation and was full of inconsistencies. Plaintiff has failed to sustain a burden of establishing that prejudice resulted from exclusion of the evidence. *State ex rel. McNutt v. Northup*, 367 S.W.2d 512, 514 (Mo.1963). The trial court did not abuse its discretion, based upon Mr. Gronemeyer's own testimony, to reject his testimony as an expert on plaintiff's fire. *Ponciroli v. Wyrick*, 573 S.W.2d 731, 735 (Mo.App.1978).

■ Plaintiff's last claim of error is that the court erred in permitting defendant to introduce a lengthy statement given by plaintiff to defendant in the nature of an additional proof of loss. This consisted of a sworn statement of plaintiff, taken by an attorney for defendant, involving plaintiff's embezzlement from the company and the fire. Only the statement about the embezzlement was read to the jury. Defendant offered the statement on the theory that it was part of the proof of loss and was evidence of motive. The timing relationship between plaintiff's acts as an insurance agent for defendant, the purchase of the house, the purchase of the insurance, and the fire, distinguishes the present case from one in which an insured has no other relationship with an insurance company. We also recall that plaintiff pleaded and tried the issue of vexatious refusal to pay together with the claim for loss.

We find the evidence was relevant as part of plaintiff's proof of loss. It also had bearing upon the intent with which defendant made admittedly false and fraudulent representations in his relationship with defendant as an agent and at the same time

was accused by defendant of a fraudulent intent as an insured claiming damages from a fire loss under an insurance policy. It is undisputed that during the time he was embezzling funds from the defendant he purchased and insured the property involved in this action. Accordingly, the evidence was relevant on the issue of intent. Defendant was not burdened with the obligation to connect mere evidence of bad acts involving other parties with the claim of false and fraudulent misrepresentations concerning the fire loss. Here, the parties were the same. Finally, the evidence was relevant on the issue of vexatious refusal. In the case of vexatious refusal the critical issue is determined by facts as they appear to the insurance company at the time of denial. *Adams v. State Auto. Ins. Ass'n of Des Moines, Iowa*, 265 S.W.2d 738, 741 (Mo.App.1954). On these facts we find admission of the evidence was not a clear abuse of discretion. *O'Laughlin v. Barstow*, 654 S.W.2d 95, 97 (Mo.App.1983).

■ Nor was it error, as plaintiff argues, to refuse a cautionary instruction "A," offered by plaintiff, but not submitted. That instruction would have told the jury that if it believed the evidence that plaintiff had committed crimes of stealing then it could consider that evidence only on the issue of motive, but not for any other purpose. The refusal of a cautionary instruction is within the discretion of the trial court, reviewable for clear abuse of discretion. *State ex rel. State Highway Commission v. Barron*, 400 S.W.2d 33, 38 (Mo. 1966).

We agree with defendant's argument that plaintiff's claim of error is inconsistent. On the one hand, it claims the court erred in admitting the statements because they were not evidence of motive for arson. On the other, Instruction "A" would have required the jury to consider the evidence only for the issue of motive.

Additional reasons, apart from relevance, the issue of intent and the issue of vexatious delay, support a finding that no error occurred. First, the only contemporaneous

trial court objection to this evidence was "improper impeachment." Plaintiff also made a general objection at the close of all of defendant's evidence regarding admission of the defendant's statements. Neither objection supports the claim of instruction error. Further, plaintiff introduced evidence in the same regard *before* and after defendant read plaintiff's statement. Ordinarily, a party will not be heard to complain of alleged errors in which, by his own conduct at trial, he joined or acquiesced. *Benjamin v. Benjamin,* 370 S.W.2d 639, 643 (Mo.App.1963).

We affirm.

SMITH and KELLY, JJ., concur.