**Sallie K. PARRY, et al.,
Plaintiffs/Appellants,**

v.

**Duane E. STADDON, et al.,
Defendants/Respondents.**

**No. 54620.**

Missouri Court of Appeals,
Eastern District,
Division Two.

April 25, 1989.

---

A. Wimmer Carr, Robert E. Tucker, Clayton, for plaintiffs/appellants.

Gary P. Paul, Clayton, for defendants/respondents.

GRIMM, Judge.

In this jury-tried wrongful death case, plaintiffs appeal from a judgment in favor of defendants. We affirm.

Plaintiffs raise two points on appeal. First, the trial court erred in admitting evidence of plaintiffs' decedent's blood alcohol content. We disagree, because there was other evidence tending to show that decedent was under the influence of intoxicating liquor at the time of the collision. Second, the trial court erred in admitting evidence of pleadings filed in a dissolution action between plaintiffs' decedent, Thomas Parry, and plaintiff Sallie Parry. We disagree, because the point was not preserved for our review.

On August 30, 1984, defendant Duane Staddon was driving a tractor-trailer truck for defendant Williamson Truck Lines. At approximately 11:45 p.m., Staddon was traveling eastbound on Highway 40 at 50 m.p.h. Highway 40 has three eastbound lanes. Staddon was west of the McKnight Road overpass in the far right-hand lane closest to the shoulder. The weather was clear and the road was dry.

As he approached the overpass, Staddon saw signs indicating the overpass had a clearance height of 13 feet 3 inches. Staddon was unsure whether this was sufficient clearance for the trailer. He turned on the emergency flashers and slowed the truck so he could check the clearance in his side mirror. While looking in his side mirror, Staddon saw two or three cars in the right-hand lane; each moved into the center lane and passed him. Staddon first saw decedent's car immediately prior to the accident, when it was five or six car lengths behind him. Decedent's car then struck the rear of the truck. At the time of collision, the truck had slowed to a "crawl," and its front was 20 feet from the overpass.

The jury returned a verdict assessing 100 percent fault to decedent. In their first point, plaintiffs allege error in the admission of evidence regarding decedent's blood alcohol content.

Dr. George Gantner, St. Louis County Chief Medical Examiner, testified that a blood sample taken from decedent 14 hours

after his death showed a 0.062 percent by weight blood alcohol content. Dr. Gantner testified further that, in his opinion, an individual with that blood alcohol content would experience an "increase in reaction time" and "some difficulty" with visual perception as well as distances.

In reviewing plaintiffs' first point, we first note that "[i]t is the trial court's function to determine the admissibility of evidence as a matter of law." *O'Laughlin v. Barstow*, 654 S.W.2d 95, 97 (Mo.App.E.D. 1983). "The trial court's ruling with regard to the acceptance or rejection of evidence will not be disturbed on appeal unless there is an apparent abuse of discretion." *Id.* We find no abuse of discretion in admitting the challenged testimony.

While several Missouri cases discuss the admissibility of evidence that a motorist had been drinking or was intoxicated,[1] our Supreme Court last addressed this issue in *Doisy v. Edwards*, 398 S.W.2d 846 (Mo. Div.2 1966).

In *Doisy*, the plaintiff alleged error in the exclusion of a police officer's testimony that he smelled liquor on the defendant's breath. *Id.* at 849. The *Doisy* court held that the officer's testimony "would have been admissible if coupled with other evidence tending to show that defendant was under the influence of intoxicating liquor." *Id.* at 850. In upholding the trial court's exclusion of the testimony, the *Doisy* court

noted that "[t]here was no evidence showing erratic driving by defendant or any other circumstance from which it might be inferred that defendant had an impaired physical condition at the time of the collision." *Id.* at 849–850.

Here, the evidence of decedent's blood alcohol content was evidence that he had been drinking. It was relevant, and thus, admissible because there was other evidence tending to show that decedent was "under the influence of intoxicating liquor" at the time of the collision. *Id.* at 850.

Immediately prior to the collision, two or three cars in the right-hand lane ahead of decedent's car moved into the center lane and passed the truck. A witness to the accident was driving eastbound in the far left-hand lane, approximately 500 feet behind decedent's car. According to the witness, the truck's emergency flashers were visible from a distance of a quarter of a mile at the time of the collision. The weather was clear and the road was dry.

Yet, decedent took no evasive action. Decedent's car was traveling at about 55 m.p.h.; he did not slow down or apply his brakes until an "instant" before impact. Further, decedent did not attempt to swerve or change lanes, even though the center lane was open.

We do not believe that these facts show "erratic driving."[2] Under the circumstances, however, decedent's failure to brake or

1. *Cheatham v. Chartrau,* 237 Mo.App. 793, 176 S.W.2d 865 (Mo.App.S.D.1944); *Boehm v. St. Louis Public Service Co.,* 368 S.W.2d 361 (Mo. Div.1 1963); *Diener v. Mid–American Coaches, Inc.,* 378 S.W.2d 509 (Mo.Div.1 1964); *Doisy v. Edwards,* 398 S.W.2d 846 (Mo.Div.2 1966); *Hager v. McGlynn,* 518 S.W.2d 173 (Mo.App.W.D. 1974); *Bohn v. James,* 573 S.W.2d 448 (Mo.App. E.D.1978); *Sewell v. MFA Mutual Insurance Co.,* 597 S.W.2d 284 (Mo.App.S.D.1980); *Bentley v. Crews,* 630 S.W.2d 99 (Mo.App.E.D.1981); *Lauderdale v. Siem,* 725 S.W.2d 897 (Mo.App.E.D. 1987); *Miller v. Eaton,* 733 S.W.2d 31 (Mo.App. E.D.1987); *Jones v. Freese,* 743 S.W.2d 454 (Mo. App.E.D.1987); *Broderson v. Farthing,* 762 S.W. 2d 548 (Mo.App.W.D.1989).

2. *See Cheatham v. Chartrau, supra* 176 S.W.2d at 868 (Defendant's truck was "zigzagging and wobbling," and "defendant had his head

drooped over the steering wheel."); *see also Broderson v. Farthing, supra* at 551 (Defines "erratic" as "'having no fixed course; irregular in action or behavior.'" Erratic driving "connotes the abnormal, peculiar, unaccountable and aberrant operation of the vehicle."); *but cf. Boehm v. St. Louis Public Service Co., supra* at 372 (Driving through a stop sign at 20 m.p.h. without stopping constituted erratic driving.); *Hager v. McGlynn, supra* at 178 (Evidence established erratic driving, where, at 2:00 a.m., motorist entered an intersection against a red light, traveling 25–30 m.p.h., and failed to brake) *Bohn v. James, supra* at 449 (Erratic driving shown by evidence that on a clear day, defendant, driving 75–80 m.p.h., collided with the rear of plaintiff's car, traveling 55 m.p.h. Defendant failed to change lanes, although the lane on either side was open.); *Bilzing v. Wentzel,* 726 S.W.2d 787, 789–790 (Mo.App.E.D.1987) (Defendant's driving labeled "erratic" when he

swerve, otherwise unexplained, satisfies *Doisy's* requirement of "any other circumstance from which it might be inferred that [he] had an impaired physical condition at the time of the collision." *Id.* at 849–850; *See Sewell v. MFA Mutual Insurance Co.*, 597 S.W.2d 284, 288–290 (Mo.App.S.D. 1980).[3] Therefore, under *Doisy*, the evidence regarding decedent's blood alcohol content was admissible.[4] Point denied.

■ In their second point, plaintiffs contend that the trial court erred in "permitting introduction for impeachment purposes of evidence relating to pleadings filed in the divorce case between decedent and appellant Sallie Parry."

On direct examination, Sallie Parry testified that prior to decedent's death, a dissolution petition had been filed. She did not want the marriage dissolved, and had sought to delay it. During cross-examination, defendants' counsel began inquiring about the assertion in decedent's dissolution petition that the marriage was "irretrievably broken." Plaintiffs objected that this was "irrelevant and immaterial." The objection was overruled. No answer was given to this question.

Defendants' counsel restated the question, again inquiring about the "irretrievably broken" language in the petition.

Plaintiffs objected to the form of the question. The trial court stated that counsel could rephrase the question. Upon rephrasing the question, defendants' counsel omitted reference to the petition's language, and asked Sallie Parry if she had received that petition. No objections were raised to this question or defendants' further questions about the dissolution petition.

On appeal, plaintiffs argue that the "irretrievably broken" language in the petition was inadmissible because it is a legal conclusion and is not an admission by Sallie Parry. This objection was not raised at trial; as noted, plaintiffs' only objections were that the matter was "irrelevant and immaterial," and the form of the question was improper.

Thus, plaintiffs "have run afoul of both the proscription against interposing one objection at trial and another on appeal, ... and the rule that 'an objection to the admissibility of evidence must be specific and contain the proper ground of its exclusion, else on appeal the trial court will not be convicted of error for overruling it.'" *McNabb v. Winkelmann*, 661 S.W.2d 825, 826 (Mo.App.E.D.1983) (quoting *Negley B. Calvin, Inc. v. Cornet*, 427 S.W.2d 741, 746 (Mo.App.E.D.1968). This allegation of error has not been preserved for our review. *Id.*

could have seen plaintiff's vehicle from a distance of approximately 400 feet; defendant did not reduce his speed until he was 50 feet from the intersection; and his foot was on the accelerator at the time of impact.); *Jones v. Freese, supra* at 457 (Defendant's driving classified as erratic where he failed to look behind or warn before backing up and hitting plaintiff on a street crowded with cars and people; made acrimonious remarks to plaintiff; drove away from the scene without stopping even though two police officers were yelling at him to stop; and turned a corner against a red light.).

3. We note that some cases which have cited *Doisy* have either implied or directly held that evidence that a motorist had been drinking is admissible *only* when there is also evidence of erratic driving. *Bohn v. James, supra* at 449; *Lauderdale v. Siem, supra* at 900; *Jones v. Freese, supra* at 456; *Bentley v. Crews, supra* at 107. However, the language of *Doisy,* is clear: evidence of drinking is admissible if there is also evidence *tending* to show the driver was

under the influence of intoxicating liquor. This includes not only "erratic driving" but also "any other circumstance" from which impaired physical condition may be *inferred. Doisy v. Edwards, supra* at 849; *Sewell v. MFA Mutual Insurance Co., supra* at 290. *Doisy* is controlling on this issue.

4. Although *Bentley* seems to require that there be evidence to support "the additional inference that [the driver's] inferred erratic driving *caused* the collision," *Bentley v. Crews, supra* at 107, *Doisy* does not impose this causation requirement. We note, however, that there may be cases in which a trial court could find evidence of drinking to be irrelevant and, thus, inadmissible, regardless of other circumstances from which impaired physical condition might be inferred. (e.g. a motorist who has been drinking is sitting in a properly stopped and parked automobile when it is hit by another automobile).

Moreover, the record does not support plaintiffs' contention that the trial court erred in permitting the introduction of "evidence" relating to the dissolution petition. Although defendants asked two questions regarding the petition's "irretrievably broken" language, these questions were never answered. Further, after objecting to the question's form, plaintiffs did not ask the trial court to strike the question.

Under this point, plaintiffs also allege error in allowing defendants to cross-examine Sallie Parry regarding her answer filed in response to the dissolution petition. In this answer she, too, asked the court to find that the marriage was "irretrievably broken." Plaintiffs, however, raised no objection to this portion of the cross-examination.

Additionally, plaintiffs now contend that it was error to allow defendants to refer to the dissolution pleadings in closing argument, although they made no such objection at trial.

Plaintiffs had filed a motion in limine seeking to exclude "all statements referring or relating to the divorce proceedings...." The motion was denied. After a denial, an objection must be made at trial to preserve the point for appellate review. *Anderson v. Rojanasathit,* 714 S.W.2d 894, 895 (Mo.App.E.D.1986) (citing *State v. Makenson,* 679 S.W.2d 427, 429 (Mo.App.S. D.1984)).

Thus, plaintiffs have failed to preserve their allegations of error for our review. The second point is denied.

The judgment is affirmed.

KAROHL and GARY M. GAERTNER, JJ., concur.