Elmer LEWIS, Respondent,

v.

Eleanor RYNKOWSKI, Appellant.

v.

Albert LEWIS,
Third-Party-Defendant-Appellant.

No. 44461.

Missouri Court of Appeals,
Eastern District,
Division Three.

June 15, 1982.

Motion for Rehearing and/or Transfer
Denied Sept. 17, 1982.

G.N. Beckemeier, Jr., St. Louis, for Rynkowski.

Jeffry S. Thomsen, St. Louis, for Lewis.

Charles E. Foehner, III, Kenneth K. Vuylsteke, St. Louis, for respondent.

CRIST, Judge.

Automobile accident. Respondent (plaintiff) was favored with a judgment against Eleanor Rynkowski (defendant) in the sum of $30,000.00. Defendant was favored with a judgment against Albert Lewis (third-party) assessing fault at 75 percent for defendant and 25 percent for third-party. Both defendant and third-party appeal. We affirm plaintiff's judgment against defendant and reverse defendant's judgment against third-party for contribution.

Plaintiff submitted his case against defendant on lookout. The real issue was whether or not there was substantial evidence to support this lookout instruction. The accident occurred on the Halls Ferry Traffic Circle (hereinafter "circle") in the City of St. Louis. The circle is a three lane roadway. Traffic proceeds around the circle in a counterclockwise direction.

Plaintiff was a passenger in a car driven by his brother, third-party. They entered the circle at the southwest part thereof via Goodfellow Boulevard. It was night. They continued around the three lane roadway in the center lane. The third-party's car was

travelling 20–25 miles per hour prior to the collision.

Defendant came to a stop at the intersection of the circle and Riverview Boulevard. She turned right into the curb lane of the circle and travelled 15 miles per hour until impact. Defendant had passed the intersection of the circle and Halls Ferry Road, and almost reached the intersection of the circle and Riverview Drive when the collision occurred. Traffic on the circle was light and there was nothing to obstruct her view. She had her headlights on. She never saw the third-party car prior to the accident.

We must view the evidence in the light most favorable to plaintiff. *Kuhlmann v. Rush,* 603 S.W.2d 54, 55 (Mo.App. 1980). The accident occurred in the middle lane. Defendant drove from the curb lane, crossed the outer lane, and entered the center lane and into collision at an angle with third-party's car. Defendant's left front fender struck the passenger door of the third-party car. Pictures were introduced into evidence showing configuration of the circle, the three drive lanes and the curb lane. The relative widths of such lanes were shown by other automobiles using such lanes at the time the pictures were taken.

Defendant should have seen the third-party car, travelling in the center lane in time to have avoided the collision by crossing from the curb lane into the outer lane and staying in the outer lane. She moved from the curb lane at 15 miles per hour, crossed the outside lane and struck the third-party car at an angle in the center lane. In law, one is deemed to have seen what there is to see. The submission of the lookout instruction was proper. *Flannery v. Whitaker,* 612 S.W.2d 146, 148 (Mo.App. 1981). *See, Furlow v. Laclede Cab Company,* 502 S.W.2d 373, 379–80 (Mo.App.1973) and *Hanson v. Cresco Lines, Inc.,* 57 Ill. App.3d 168, 14 Ill.Dec. 657, 660–661, 372 N.E.2d 936, 939–940 (1978).

Third-party asserts defendant did not make a submissible case on her claim against third-party on contribution. We agree. Third-party must have been a tortfeasor, initially liable to plaintiff. It is joint liability, not joint judgment, which is the prerequisite to contribution. *Safeway Stores, Inc. v. City of Raytown,* 633 S.W.2d 727 at 730–31 (Mo. banc, 1982).

Defendant submitted her case against third-party on the basis of his failure to keep a careful lookout or to swerve. There was no substantial evidence showing that had third-party maintained a cautious lookout, he would have had time to avoid the mishap. *Kuhlmann v. Rush, supra.* Neither was there any demonstration that third-party had adequate time and distance, considering the course and speed of the vehicles, to allow him to take successful evasive action. *Wardenburg v. White,* 518 S.W.2d 152, 154 (Mo.App.1974). Consequently, there was no proof of third-party liability to plaintiff. Accordingly, defendant has no right of contribution from third-party.

The judgment for plaintiff against defendant is affirmed. The judgment for defendant against third-party for contribution is reversed.

REINHARD, P.J., and SNYDER, J., concur.