**Cleo FINNINGER and Charles Finninger, Appellants,**

v.

**Jake M. JOHNSON, Respondent.**

**No. 49053.**

Missouri Court of Appeals,
Eastern District,
Division Five.

June 4, 1985.

Neil J. Bruntrager, St. Louis, for appellants.

Joan M. Tanner, Clayton, for respondent.

DONALD L. MANFORD, Special Judge.

This is a civil action seeking recovery of damages for personal injury arising from the alleged negligent operation of a motor vehicle. The judgment is reversed and the cause remanded.

A sole point is presented, which in summary charges that the trial court erred in the submission of two instructions because neither was supported by the evidence, and said instructions therefore erroneously placed the issue of comparative fault before the jury.

There being no challenge to the sufficiency of the evidence, a summary recital of the pertinent facts suffices.

On April 9, 1977, Cleo Finninger (now appellant, plaintiff at trial) was operating her motor vehicle westbound on Chambers Road in St. Louis County. She stopped her vehicle for a stoplight at the intersection of Chambers Road and New Halls Ferry, but some eight or nine car lengths from the intersection. Her vehicle was in the inside or left turn lane. Respondent, Jake Johnson (defendant at trial) stopped his motor vehicle directly behind appellant's vehicle. On the southside of Chambers Road, across from appellant's vehicle, was the driveway to a fruit stand. Respondent backed his vehicle and proceeded to make a left turn, across the double center line of Chambers Road. At the same moment, appellant commenced to turn her vehicle left. The vehicles collided, with respondent's vehicle striking the front bumper of appellant's vehicle. Respondent's vehicle continued to accelerate, pushing appellant's vehicle forward.

Appellant Cleo Finninger sought medical attention relative to soreness involving her back and shoulders. In January, 1978, she complained to her doctor of pain in her right hip. Subsequent diagnosis was that she had bursitis in her hips. The deposition of her doctor was read to the jury and her doctor stated that her bursitis was caused by the previous collision. Dr. Raymond Frederick, on behalf of respondent, examined Cleo Finninger and testified that her bursitis was not caused by the collision.

Appellant, Charles Finninger, husband of Cleo Finninger, sought damages for loss of consortium.

Respondent submitted two instructions (set forth infra) on the issue of contributory negligence of appellant Cleo Finninger, which alleged her failure to keep a lookout. The jury returned its verdict, finding in favor of Cleo Finninger in the sum of $2,250.00. The jury assessed 10% of the fault against appellant Cleo Finninger. The jury also found in favor of appel-

lant Charles Finninger on his consortium claim, but awarded him zero damages.

The now challenged instructions read as follows:

## INSTRUCTION NO. 9

You must assess a percentage of fault to plaintiff Cleo Finninger if you believe:

First, plaintiff Cleo Finninger failed to keep a careful lookout,

and

Second, plaintiff Cleo Finninger was thereby negligent, and

Third, such negligence of plaintiff Cleo Finninger directly caused or directly contributed to cause any damage plaintiff may have sustained.

M.A.I. 32.01 Modified/17.05—submitted by defendant and given.

## INSTRUCTION NO. 14

If you have assessed a percentage of fault to plaintiff Cleo Finninger, you must assess the same percentage to plaintiff Charles Finninger, if you believe:

First, plaintiff Cleo Finninger failed to keep a careful lookout,

and

Second, plaintiff Cleo Finninger was thereby negligent,

and

Third, such negligence of plaintiff Cleo Finninger directly caused or directly contributed to cause any damage plaintiff Charles Finninger may have sustained. M.A.I. 32.01 Modified/17.05—submitted by defendant and given.

 On this appeal, appellants ask the question: *Is the jury to be instructed on comparative negligence in every negligence suit?* This question, being one of first impression in Missouri causes this court to also include consideration of decisions from other jurisdictions in deriving an answer. It has been held that comparative

negligence statutes have no application where the negligence of one party is the sole proximate cause of an accident and the other party is not guilty of negligence. *James v. South Central Stages,* 160 F.Supp. 288 (W.D.Ark.1958). *See also Wagner v. International Harvester Co.,* 611 F.2d 224, 232 (8th Cir.1979). It must follow that the same rule applies in Missouri which has adopted comparative negligence by court decision, and the answer to appellants' question is no.

 Under our own law, it is prejudicial error to submit an instruction on contributory negligence where there is no substantial evidence to support it. *Herberer v. Duncan,* 449 S.W.2d 561, 564 (Mo. banc 1970). That same rule has been applied with respect to the negligence of a plaintiff in a comparative negligence context. *Chrysler Corp. v. Todorovich,* 580 P.2d 1123, 1135 (Wyo.1978).

In response, respondent continues his charge, against appellant Cleo Finninger, of contributory negligence for failure to keep a proper lookout.[1]

 Appellants charge that respondent must have shown *conclusively* that appellant's (Cleo's) failure to keep a proper lookout was the proximate cause of the accident. This is not a correct assertion. The duty of a defendant is proof of the failure to keep a proper lookout by a preponderance of the evidence. There must be substantial evidence and a mere scintilla of evidence, or speculative deductions and conclusions will not suffice. 61 C.J.S. *Motor Vehicles* § 520(1), p. 734 (1970).

 Generally, it is impossible for a party to produce direct evidence that the other party was not looking. *Watterson v. Portas,* 466 S.W.2d 129, 131 (Mo.App.1971). Thus, proof can be made circumstantially. In order to warrant or justify the submission of the failure to keep a proper lookout, it must be shown by one party that the other party could have seen the danger of

---

1. It should be noted that Missouri has adopted the doctrine of comparative negligence. *Gustafson v. Benda,* 661 S.W.2d 11 (Mo. banc 1983). With such adoption, the contributory negligence of a plaintiff no longer operates as a complete bar to recovery.

collision in time to have taken evasive action. *Watterson, supra.*

■ In determining whether instructions that are submitted were supported by sufficient evidence, the evidence must be viewed in a light most favorable to the party offering the instruction. *Commerford v. Kreitler,* 462 S.W.2d 726 (Mo.1971).

It is respondent's position herein that the following facts establish sufficient evidence for the submission of his contributory negligence instruction. Respondent was stopped behind appellant's vehicle. Respondent proceeded to make a left turn and appellant pulled to her left and appellant's vehicle struck respondent's vehicle. Respondent saw appellant by looking over his shoulder, and respondent could see appellant's vehicle when the two vehicles made contact. Respondent then concludes that if appellant had looked, appellant could have refrained from making a left turn.

In review of the evidence by this court, it must be concluded, even in reviewing the evidence most favorable to respondent, that respondent did not adduce sufficient evidence to support the submission of the instruction. The evidence reveals that appellant Cleo Finninger was stopped in the left turn lane facing west. She stated that she first saw respondent's vehicle when he was on her left. To the left of appellant's vehicle were two eastbound traffic lanes. Respondent testified that he saw appellant's vehicle before the collision. Respondent testified that appellant pulled her vehicle directly into the tire of the respondent's vehicle and cut the right front fender of respondent's vehicle.

■ The general rule is that when one is charged with a duty to look, and to look is to see, he is held to have seen what looking would have revealed. *Branscum v. Glaser,* 234 S.W.2d 626, 627 (Mo.1950). It must be pointed out that this rule applies to the person *charged with the duty to look.* Thus, it must be determined if in the instant case appellant was the , party *charged with the duty to look* within the

meaning of the rule. Before executing her left turn, appellant Cleo Finninger had the duty to check (and hence look) for eastbound traffic in the eastbound lanes of Chambers Road. There was no duty upon appellant to check (and hence look) for westbound traffic in the eastbound lanes. Thus, the rule has no application under the facts and circumstances herein.

In addition, respondent has not, by the evidence, shown that appellant Cleo Finninger could have seen the danger of the collision in time to have taken evasive action. Respondent provided no direct evidence that appellant Cleo Finninger saw him in time to avoid the collision, nor did he prove it circumstantially. It was respondent's burden to adduce sufficient evidence of appellant's negligence and the evidence provided by respondent amounted to nothing more than speculative deductions.

■ The trial court, under the particular facts and circumstances herein, committed reversible error in its submission of an instruction on the contributory negligence of appellant, Cleo Finninger. Thus the judgment is reversed and the cause is remanded upon the issue of liability only. Since the loss of consortium claimed by appellant Charles Finninger is derivative, the percentage assessed against appellant Cleo Finninger is also to be assessed against the claim of Charles Finninger, and for that reason, the portion of the judgment related to the claim of appellant Charles Finninger must also be remanded.

■ Respondent is correct when he points out that appellants' challenge to the instructions is upon the issue of liability only, and that appellants allege no error regarding the instructions as related to damages. Since this court is prohibited from ordering a new trial as to any issue in which no error appears, the judgment herein is reversed and the cause is remanded for a new trial for the sole determination of liability and for the assessment of the percent of fault as that relates to the claim of appellant, Charles Finninger. § 512.160(3),

RSMo 1978, *Beckwith v. Standard Oil Co.,* 281 S.W.2d 852 (Mo.1955).

█ The reason that a retrial, if any, must include consideration of the damages, if any, and the assessment of a percentage of fault relative to the claim of Charles Finninger, is that the jury returned a verdict to the favor of both appellants, but granted zero damages to appellant Charles Finninger on his loss of consortium claim. The result was inconsistent and a new trial must be ordered. In *Pietrowski v. Mykins,* 498 S.W.2d 572, 580 (Mo.App.1973), it was held that a verdict making a finding for a plaintiff but awarding no damages is invalid since there is no actionable negligence in the absence of injury resulting directly therefrom. In the same decision, it was held that where an action is brought by both spouses against a defendant, based upon (a) injuries received as a result of the defendant's negligence, and (b) for loss of consortium, a verdict in favor of the injured spouse, but against the other on the derivative action for loss of consortium, is inconsistent. *See also Kaelin v. Nuelle,* 537 S.W.2d 226, 237 (Mo.App.1976).

The verdict herein, having included a finding for Cleo Finninger upon her injury claim and a finding for Charles Finninger upon his claim for loss of consortium but without any award for the latter or derivative claim, is an inconsistent result or verdict dictating a new trial to determine the issue of damages relative to the loss of consortium claim.

Thus, the judgment is reversed and the cause is remanded for retrial, if any, upon the issue of liability only as related to the claim of appellant Cleo Finninger. The judgment is reversed and the cause is remanded for the further purpose of determining the damages under the claim of Charles Finninger for loss of consortium, and such claim is subject to the same percentage of fault assessed and as found applicable to the claim of Cleo Finninger.

DOWD, P.J., and KELLY, J., concur.