**Linda WITTMEYER, Appellant,**

v.

**Howard H. BRABY, M.D. and Hausheer, Braby and Associates, Inc., Respondents.**

**No. WD 36417.**

Missouri Court of Appeals, Western District.

Jan. 28, 1986.

Motion for Rehearing and/or Transfer to Supreme Court Overruled and Denied March 4, 1986.

Application to Transfer Denied April 15, 1986.

Steven D. Steinhilber, Max W. Foust, Bart L. Strother, Morris & Foust, Kansas City, for appellant.

W. James Poland, William E. Quirk, Shughart, Thomson, Kilroy, Kansas City, for respondents.

Before DIXON, P.J., and SOMERVILLE and NUGENT, JJ.

PER CURIAM.

Plaintiff, following an unavailing motion for new trial, appeals from a judgment entered in accordance with a jury verdict in favor of defendants in a medical malpractice case. The sole issue on appeal is whether the trial court erred in refusing to give a series of instructions on comparative fault tendered and requested by plaintiff.

An appropriate compendium discloses that plaintiff's petition charged defendants with negligently prescribing the drug Valium for her use, more particularly, failure to advise her of the risks of said drug, failure to properly monitor her while taking said drug, in prescribing said drug over a long period of time, and in prescribing excessive dosages of said drug. Plaintiff further alleged that as a direct and proximate result of defendants' negligence as aforesaid she became "dependent" upon said drug and was unable to function normally due to said dependency. Defendants filed answers denying plaintiff's allegations, coupled with *general* pleas of contributory negligence. From an evidentiary standpoint, *whether the allegations of negligence relied on by plaintiff* violated the requisite standard of care imposed upon defendants, and, if so, whether there was any causal connection between the same and any damages alleged by plaintiff, and, further, whether plaintiff sustained any damage, were highly contested issues throughout the case. Expert testimony offered by plaintiff supported her pleaded theories, while, on the other hand, expert testimony offered by defendants disproved the same. Clearly, all of said issues were for the jury to decide and the jury obviously believed defendants' expert witness.

During the instruction conference, the trial court refused a series of instructions on comparative fault requested by plaintiff and, instead, gave the following verdict

directing instruction and damage instruction offered by plaintiff:

### "INSTRUCTION NO. 6

Your verdict must be for the plaintiff if you believe:

First, either:

defendants Howard H. Braby and Hausheer, Braby, and Associates, Inc., administered valium over an excessive period of time, or

defendants Howard H. Braby and Hausheer, Braby and Associates, Inc., failed to properly supervise and monitor the administration of valium to plaintiff, and

Second, defendants Howard H. Braby and Hausheer, Braby, and Associates, Inc., in any one or more of the respects submitted in paragraph First, were thereby negligent, and

Third, as a direct result of such negligence, plaintiff sustained damage.

The term 'negligent' or 'negligence' as used in this instruction means the failure to use that degree of skill and learning ordinarily used under the same or similar circumstances by the members of defendants' profession."

### "INSTRUCTION NO. 7

If you find in favor of plaintiff, then you must award plaintiff such sum as you believe will fairly and justly compensate plaintiff for any damages you believe she sustained and is reasonably certain to sustain in the future as a direct result of the conduct of defendant Howard H. Braby as submitted in Instruction No. 6 for which you find defendants liable."

Defendants never offered or requested any instructions whatsoever and the case was submitted to the jury on the above verdict director and damage instruction offered by plaintiff along with other appropriate instructions offered by plaintiff. It is noted, parenthetically, that plaintiff did not plead any contributory fault on her part either originally or by way of amendment.

Admittedly, this case was tried subsequent to the effective date of *Gustafson v. Benda,* 661 S.W.2d 11 (Mo. banc 1983), adopting the doctrine of comparative fault. However, the only issues submitted to the jury for determination were the requisite elements of plaintiff's malpractice claim, and comparative fault in the sense of diminishing plaintiff's damages proportionate to any contributory fault on her part or contributory negligence in the pre-*Gustafson* sense of barring recovery by plaintiff were never submitted as issues to the jury for consideration.

Plaintiff contends on appeal that evidence was introduced which demonstrated contributory fault on her part, thereby affording evidentiary support for the series of instructions on comparative fault which she requested. The evidence alluded to by plaintiff arose from her own testimony concerning defendants' alleged failure to properly monitor her consumption of the drug as prescribed—namely, that she split the capsules as prescribed into smaller dosages in order to extend the duration of the prescriptions. Plaintiff's theory as to why doing so evidenced contributory fault on her part is not spelled out with any degree of explicitness. If correctly perceived by this court, she appears to contend that absent doing so she could not have become dependent on Valium. Further, plaintiff appears to syllogistically contend that doing so constituted contributory fault on her part in that it was a proximate, contributory cause of her dependency on Valium. The inefficacy of plaintiff's attenuated argument lies in the fact that no medical testimony was adduced, including that of her own expert witness, that splitting the capsules and taking the drug in smaller dosages over a longer period of time, as testified to by plaintiff, was a proximate or contributory cause of her alleged dependency. In order to make a submissible case of contributory fault in the pre-*Gustafson* sense of contributory negligence, evidence of a causal connection between a plaintiff's alleged negligence and resultant damage was required. *Heberer v. Duncan,* 449 S.W.2d 561, 563 (Mo. banc 1971). The ad-

vent of comparative fault has not changed or eliminated this obtaining principle. *Acculog, Inc. v. Peterson,* 692 P.2d 728 (Utah 1984). Since there was no evidence of any causal connection between plaintiff's conduct as heretofore set out and her alleged dependency on Valium, her tendered series of instructions on comparative fault were not supported by substantial evidence and the trial court did not err in rejecting them. *Collier v. Bi-State Development Agency,* 700 S.W.2d 479 (Mo.App.1985); and *Finninger v. Johnson,* 692 S.W.2d 390 (Mo. App.1985).

Judgment affirmed.