**Polly BRODERSON, Appellant,**

v.

**Nancy FARTHING, Respondent.**

**No. WD 40329.**

Missouri Court of Appeals, Western District.

Jan. 3, 1989.

Timothy W. Monsees and Gordon N. Myerson, Kansas City, for appellant.

James L. Sanders, Norman I. Reichel, Wallace, Saunders, Austin, Brown and Enochs, Chtd., Kansas City, for respondent.

Before SHANGLER, P.J., and CLARK and COVINGTON, JJ.

CLARK, Judge.

This is an action which arose out of the death of appellant's son, John Broderson, in an automobile collision. The sole issue on appeal is whether the trial court erred when it ruled to exclude evidence that respondent, Nancy Farthing, had consumed alcoholic beverages prior to the accident. We conclude the trial court correctly precluded appellant from presenting that evidence and therefore affirm the judgment.

Certain general principles applicable to the issue presented need first be recounted to supply the background for a statement of the facts.

In Missouri, it has generally been held that in an action to recover damages for injuries sustained in a motor vehicle accident, evidence of intoxication of a party is admissible as a circumstance to be considered along with the other facts in evidence in determining the question of negligence. *Jones v. Freese*, 743 S.W.2d 454, 456 (Mo.App.1987); *Sewell v. MFA Mut. Ins. Co.*, 597 S.W.2d 284, 288 (Mo.App. 1980). Evidence of the mere drinking of alcohol, however, as opposed to actual intoxication is admissible only when coupled with evidence of erratic driving, *Jones*, 743 S.W.2d at 456; *Boehm v. St. Louis Pub. Serv. Co.*, 368 S.W.2d 361, 372 (Mo.1963); *Cheatham v. Chartrau*, 237 Mo.App. 793, 800–01, 176 S.W.2d 865, 868 (1944), or some other circumstance from which it might be inferred that defendant had an impaired physical condition at the time of the collision. *Doisy v. Edwards*, 398 S.W.2d 846, 849 (Mo.1966). Before the evidence of alcohol intake becomes relevant, there must be evidence to support an inference that the drinking caused the party to drive in an erratic manner and that the erratic driving caused the collision. *Bentley v. Crews*, 630 S.W.2d 99, 107 (Mo.App.1981); *see Doisy v. Edwards*, 398 S.W.2d at 849. Such evidence must exclude guesswork, conjecture and speculation as to the existence of the necessary facts to make the conclusion. *See Schoen v. Plaza Express Co.*, 206 S.W. 2d 536, 538 (Mo.1947).

The proponent of the evidence concerning alcohol consumption has the burden of proving its admissibility and is therefore entitled to the benefit of all favorable evidence and inferences tending to show that the driver contended to have been influenced by alcohol consumption was operating his vehicle in an erratic manner. *Jones*, 743 S.W.2d at 455. The following statement of facts conforms to that precept.

On December 24, 1984, respondent had been with her parents in their home in Leawood, Kansas during the afternoon. They went to an area restaurant for dinner, returned briefly to the Leawood home and then set out for the Plaza district to view the Christmas lights. Respondent was driving her car, her father was seated beside her and her mother was in the rear seat. Respondent's route of travel from the Leawood area brought her eastbound on 83rd Street to Ward Parkway where it was her intention to turn north in the direction of the Plaza.

At 83rd Street, Ward Parkway is a divided road with a wide median parkway and two lanes of pavement each for north and southbound traffic. At the 83rd Street intersection, Ward Parkway slopes up to the south, levels off and then slopes upward again. Viewed to the south from 83rd Street, there are two points of full visibility, the first being unobstructed for 385 feet. The level area beyond this point limits visibility for some distance, but beyond that, there is visibility to a point 540 feet distant. A vehicle moving north on Ward Parkway from 85th Street may therefore be seen first when it is 540 feet from the

83rd Street intersection, it will next dip out of view and then again be visible when it is 385 feet from 83rd Street.

At the time of the accident, it was dark, the weather was clear and the pavement was dry. Respondent proceeded east on 83rd Street, crossed the southbound lanes on Ward Parkway and stopped her vehicle at the intersection with the northbound lanes. She then proceeded on to northbound Ward Parkway. Unobserved by respondent, appellant's son was at that time northbound on Ward Parkway having stopped at the 85th Street intersection. According to a witness who was driving an automobile behind appellant's son, that vehicle and a white Mustang beside it in the left lane accelerated rapidly from 85th Street and attained speeds variously estimated at 65 to 110 miles per hour.

An impact occurred immediately north of 83rd and Ward Parkway between the automobiles of respondent and appellant's decedent. The damage to respondent's car began at the front of the right rear wheel well and continued along the side and up to the front bumper. The indications were that the front of the decedent's car sideswiped the right portion of respondent's car and then was deflected over the east curb of Ward Parkway for 120 feet where it collided with a tree. The impact was with sufficient force that the car separated into two parts. The front portion with the motor, dashboard and front seats came to rest in the median area parkway some 75 feet beyond the point of impact with the tree. The rear portion consisting of the rear seats, rear wheels and trunk compartment continued on along the pavement for an additional 140 feet. Broderson did not survive the accident.[1]

The allegations of appellant's petition were that respondent was negligent in the operation of her vehicle in that she failed to keep a careful lookout, failed to yield the right-of-way and made an improper turn in that she turned into the right lane of Ward Parkway in the path of the Broderson car. The jury returned its verdict for respondent finding appellant's decedent to have been 100% at fault in the accident.

The evidence which was excluded consisted of proof that respondent had consumed three glasses of wine between three o'clock and six o'clock the afternoon of the accident and that one witness had smelled alcohol on respondent's breath immediately after the collision. There was no evidence that respondent otherwise exhibited any indications of physical impairment from any alcohol related causes.

As the cases cited earlier in this opinion hold, the evidence of respondent's alcohol consumption was not admissible unless appellant first adduced proof that respondent drove her car in an erratic manner or that other proof was offered that respondent's physical abilities were impaired. There was no evidence of the latter and the case therefore turns on the question of whether the evidence proved erratic driving by respondent. Appellant contends this condition was satisfied by proof that respondent failed to see the oncoming cars of Broderson and the Mustang and therefore drove out into the northbound lanes of Ward Parkway without yielding the right-of-way.

No Missouri decision has been cited or located by independent research defining "erratic driving" as that term pertains to alcohol consumption evidence. Several cases have, however, applied the term in finding that erratic driving was or was not shown.

In *Jones v. Freese, supra,* the court held it to have been erratic driving when the defendant backed his vehicle over a police officer and then, unaware of what object he had struck, drove away from the scene despite efforts of other officers to stop him. In *Hager v. McGlynn,* 518 S.W.2d 173 (Mo.App.1974), it was found to be er-

---

1. The Mustang automobile and its driver were never identified. That vehicle was apparently *being operated in the west-northbound lane and* would have been the first of the two cars to collide with respondent's car had it continued on its path. That driver, however, braked some 70 feet south of 83rd Street and came to a stop a short distance north of the north curb line of 83rd Street. The Mustang was then observed to back onto 83rd and drive off to the west. There was no impact between the Mustang and either respondent's car or the Broderson vehicle.

ratic driving when the defendant entered an intersection against a red light and struck another vehicle without any application of the brakes. The court in *Bohn v. James*, 573 S.W.2d 448 (Mo.App.1978), concluded the defendant drove erratically when he sped down the center lane of a three-lane highway and struck the rear of another car even though there was an open lane to either side. The motorist in *Cheatham v. Chartrau, supra,* zig-zagged and wobbled to the site of the collision and had his head drooped over the steering wheel. The court concluded that was erratic driving. On the other hand, in *Doisy v. Edwards, supra,* the court held erratic driving was not shown in an accident involving a head-on collision where each motorist claimed the other had crossed the center line.

Erratic, as defined by *Webster's New World Dictionary* 255 (2nd ed. 1975), means "having no fixed course; irregular in action or behavior." In *Jones,* 743 S.W.2d at 456, and *Sewell,* 597 S.W.2d at 290, the courts indicated that negligent driving and erratic driving are not synonymous terms. Erratic driving entails something more than mere negligence. It connotes the abnormal, peculiar, unaccountable and aberrant operation of the vehicle. Erratic driving is not the product of carelessness or of inattention but is conduct so heedless of circumstances as to be attributable to some impairment of faculties or of function.

In the present case, the evidence was uncontroverted that respondent stopped her automobile before entering the northbound lane of Ward Parkway, even though the intersection was controlled only by a yield sign. She looked but obviously did not see the oncoming car driven by appellant's decedent or, if she did, the speed of the car was such that normal response was ineffective. Even at the conservative estimate of the Broderson car's speed of 65 miles per hour, it traversed the area of visibility from 83rd Street in four seconds. If the higher estimate is accepted, the elapsed time was less than two and one-half seconds.

Considering the allegations of erratic driving to have been limited to failure to yield the right-of-way and the associated claims of lookout and improper turn, the conduct of respondent was at most negligence and not the abnormal and inexplicable heedlessness which characterizes vehicle operation as erratic. The evidence of respondent's alcohol consumption was therefore properly excluded, considering also that no other proof was offered indicative of any impairment exhibited by respondent.

The judgment is affirmed.

All concur.