Allen L. FLETCHER, et al.,
Appellants,

v.

CITY OF KANSAS CITY, Missouri,
Respondent.

No. WD 43013.

Missouri Court of Appeals,
Western District.

Aug. 6, 1991.

Craig A. Strayer, Kansas City, for appellants.

Richard N. Ward, City Atty., Jeffrey L. Hess, Asst. City Atty., Kansas City, for respondent.

Before KENNEDY, P.J., and SHANGLER and ULRICH, JJ.

KENNEDY, Presiding Judge.

Plaintiff Allen L. Fletcher appeals from a judgment upon a jury verdict which found plaintiff 100 percent at fault and defendant city of Kansas City, Missouri, free from fault in a one-vehicle accident occurring July 28, 1983, on Penn Valley Drive near its intersection with Wyandotte Street. Plaintiff Fletcher was riding as a passenger in the open back of a pickup truck owned and driven by Paul Holt. Plaintiff was injured when the pickup overturned. Plaintiff sued the City claiming it was negligent in allowing the street, at the point of the accident, to be in a dangerous condition.

The City denied any negligence on its own part and claimed that plaintiff was negligent in riding with Paul Holt when he knew Holt was intoxicated. Plaintiff and Holt, along with two other passengers seated in the cab of the truck at the time of the wreck and one other passenger seated in the open back, had been drinking beer together throughout the afternoon. Paul Holt had a blood alcohol concentration of .15 percent, placing him in the legally intoxicated category. See § 577.037, RSMo. The accident happened about 7:00 p.m. Holt's truck came from Wyandotte on to the northbound lane of Penn Valley Drive, slid, struck the median and overturned.

■ Plaintiff says the court erred in excluding evidence that in 1986 the city surfaced Penn Valley Drive with a slurry seal at the place where the accident occurred in order to increase the coefficient of friction, or skid resistance, and that the city in 1986 had placed chevrons there to warn vehicles against hitting the median. Plaintiff acknowledges the general rule against proof of subsequent remedial measures. See *Pollard v. Ashby*, 793 S.W.2d 394, 401 (Mo. App.1990). The plaintiff, relying upon *Hickey v. Kansas City Southern Ry. Co.*, 290 S.W.2d 58 (Mo.1956), contends that such evidence is admissible to show the roadway could have been improved and that slurry sealing was technologically feasible. *Hickey* holds that such evidence is admissible to rebut a claim by the defendant that the alleged dangerous condition (in our case, the slickness of the street) could not have been made safer. *Id.* at 61. In our case, however, the City made no claim that the alleged dangerous condition could not have been made safer, and *Hickey* is therefore not applicable.

■ Plaintiff then says that evidence of the City's 1986 remedial measures were admissible to show the existence of the condition which plaintiff claims was dangerous. For this proposition Plaintiff cites *Robinson v. Safeway Stores, Inc.*, 655 S.W.2d 617 (Mo.App.1983). In *Robinson*, though, the defendant denied the existence of the condition allegedly causing the accident, a wet floor, and additionally denied that the floor was mopped immediately following the occurrence of the accident. In the case before us the 1986 slurry sealing was not a hurried measure by the city to cover up a dangerous condition, followed by a denial that the condition had existed at the time of the accident. The issue in the case before us was not whether the condition existed, as in *Robinson*. The issues in this case are whether the condition was a dangerous one and, if so, whether the dangerous condition caused plaintiff's injuries.

■ Plaintiff further says the evidence of the 1986 slurry sealing was admissible to show the city had a duty to maintain the street. The city's duty to maintain the street was not an issue. The city did not deny it had the duty to maintain the streets in a safe condition. Its denial of such duty in its answer did not open the way to the admission of the slurry sealing; the denial in the answer was abandoned at trial.

None of the predicates for the admittance of the 1986 slurry sealing were present in the evidence. The rule against

subsequent remedial measures bars its admission.

■ Second, plaintiff complains of the court's refusal to admit in evidence two letters from citizens to city officials concerning the danger of the road in the vicinity where the accident occurred. Evidence of prior occurrences, similar to the one in which plaintiff is injured, is sometimes admissible to establish notice to the defendant of the existence of a dangerous condition. *Pierce v. Platte–Clay Elec. Co-op, Inc.,* 769 S.W.2d 769 (Mo. banc 1989). While it is not required that the prior occurrence be exactly parallel with the occurrence in which plaintiff was injured, *Id.* at 774, the similarity of the two occurrences is certainly a factor to be considered by the trial court when such proof is offered. Here the letters offered by plaintiff were very general in their complaints about the occurrence of accidents at the site and about the circumstances of the accidents. The trial court is necessarily given a certain latitude of discretion in the admission or exclusion of proof of prior similar occurrences. "Appellate review is limited to a finding that the trial court first satisfied itself that the evidence was relevant to an issue of the case and that the occurrences bore sufficient resemblance to the injury-causing incident, while weighing the possibility of undue prejudice or confusion of issues." *Eagleburger v. Emerson Elec. Co.,* 794 S.W.2d 210, 218 (Mo.App.1990). The case before us demonstrates the wisdom of such a standard of review. The trial court did not err in excluding the letters.

■ Plaintiff says the court erred in admitting evidence of the .15 percent alcohol concentration in Paul Holt's blood. The city introduced this evidence in support of its defense that plaintiff Fletcher negligently rode with Holt knowing that Holt was intoxicated. Plaintiff assumes that it is necessary to establish, before allowing proof of a driver's intoxication, that the driver was driving erratically, or that he was otherwise impaired. See *Broderson v. Farthing,* 762 S.W.2d 548, 549 (Mo.App.

1989). The plaintiff then argues from that premise that there was no evidence of Paul Holt's impairment or of his erratic driving. If proof of Holt's erratic driving was necessary as a foundation for evidence of Holt's intoxication,[1] the following testimony of an eyewitness to the accident was sufficient:

> When I observed the vehicle coming around the corner, I knew it was going too fast for the vehicle's handling and it was probably sliding or slipping the whole time around the corner, but as it started into west Pennway, it completely lost traction and started sliding sideways, so it struck the median.

The witness testified Holt was driving 45–50 m.p.h. as he approached Penn Valley Drive on Wyandotte. Holt had lived in the vicinity of the accident his whole life and was familiar with the roadway where the accident occurred. The court did not err in allowing the evidence of Paul Holt's blood alcohol concentration.

■ Plaintiff's final point depends upon the preceding one. Plaintiff says there was no evidence of Paul Holt's intoxication except the inadmissible evidence of the .15 percent blood alcohol concentration, and that the court therefore erred in submitting plaintiff's comparative fault in riding with Holt when he knew Holt was intoxicated. We have held above that the evidence of Holt's intoxication, consisting of the evidence of .15 percent alcohol concentration in his blood, was properly received. The instruction was therefore supported by the evidence. Plaintiff's challenge to the instruction is denied.

The judgment is affirmed.

All concur.

---

1. But cf. *Parry v. Staddon,* 769 S.W.2d 811, 814 (Mo.App.1989), footnotes 3 and 4.